## THE TENT, INC. *vs.* DANA BURNHAM.

Suffolk.    November 5, 1929. — November 26, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Unlawful Interference.    Trade Name.    Equity Jurisdiction,* To enjoin unlawful interference.

A master in a suit in equity found that the plaintiff for some years had operated a dance hall in Boston under the trade name of "The Tent," and for a few months had operated another dance hall in Weymouth under the trade name of "The Tent by the Sea"; that, in premises in Scituate in which the plaintiff previously had operated a dance hall under the trade name of "The Tent by the Sea," the defendant was conducting a dance hall under the trade name of "Hatherly Beach Tent"; that the defendant's advertisement stated that he was not connected in any way with the plaintiff; that the defendant's place of business was twenty-four or twenty-five miles from that of the plaintiff in Boston and twelve miles from that of the plaintiff in Weymouth, from which it was separated by two towns; that there were other dance halls nearer that of the plaintiff than that of the defendant; and that the defendant had no intention to defraud the plaintiff by the use of his trade name.    It did not appear that the plaintiff had lost or was likely to lose patronage by reason of the operation of the defendant's dance hall, nor that the plaintiff's trade name had acquired a secondary meaning as a designation of the plaintiff's dance halls.    The plaintiff sought to have the defendant enjoined from using the trade name "Hatherly Beach Tent" or the word "Tent" in connection with any dance hall operated by the defendant.    *Held,* that

(1) Nothing appeared to show that the public would be led to confuse the defendant's dance hall with those of the plaintiff;

(2) The plaintiff had no right to the exclusive use of the word "Tent" in the absence of a finding that that word had acquired a secondary meaning as a designation of the plaintiff's dance halls;

(3) The plaintiff was not entitled to the relief he sought.

BILL IN EQUITY, filed in the Superior Court on June 8, 1929.

The bill and material facts found by a master to whom the suit was referred are described in the opinion. By order of *Keating*, J., there were entered an interlocutory decree confirming the master's report, and a final decree permanently enjoining the defendant, with his consent, from using the words "Formerly 'Tent by the Sea'" in any manner or form in any name in connection with any place for dancing or refreshments, and denying the plaintiff's prayers for other relief and for damages. The plaintiff appealed.

*M. Jacobs*, for the plaintiff, submitted a brief.

*E. C. Parks*, for the defendant.

CROSBY, J.   This is a bill in equity to restrain the defendant from using or advertising the name "Hatherly Beach Tent," or from using the word "Tent" in any name in connection with any place conducted by the defendant for dancing or for the sale of refreshments.

The case was referred to a master, who found the following facts: The plaintiff, a Massachusetts corporation, since 1924, has operated a dance hall in Boston under the trade name of "The Tent," and another in Weymouth, since April 1929, under the name of "The Tent by the Sea." The defendant's dance hall at Hatherly Beach in Scituate is about twelve miles distant from that of the plaintiff in Weymouth, and twenty-four or twenty-five miles distant from the plaintiff's dance hall in Boston, and is separated from that of the plaintiff in Weymouth by the towns of Hingham and Cohasset. During the seasons of 1927 and 1928 the plaintiff conducted a dance hall in Scituate in the premises now occupied by the defendant, under the trade name of "The Tent by the Sea," to which a large number of people "came from various places in and around Boston and as far as Providence and Worcester." The main road from Boston passed by the plaintiff's place of business at Weymouth before passing the defendant's dance hall. There are three dance halls nearer to the plaintiff's place than that of the defendant.

There is no finding that the plaintiff has lost, or is likely to lose, any patronage by reason of the operation of the dance hall at Hatherly Beach by the defendant under the

name of "Hatherly Beach Tent." There can be no recovery unless it appears that there has been a wrongful appropriation by the defendant of business which belongs to the plaintiff. It was said in *Kaufman* v. *Kaufman*, 223 Mass. 104, at pages 106–107 that "The mere use of a trade name which one person has found highly effective in bringing his goods to the favorable attention of the public in one business territory, by another person in another business territory, constitutes no actionable wrong. Actual or probable deception of the public to the harm of the plaintiff is the basis of the action." *C. A. Briggs Co.* v. *National Wafer Co.* 215 Mass. 100. It is plain from the facts found that the defendant's place of business is not within the same business territory as that of the plaintiff, and the defendant has not adopted any sign or style of advertising in any way resembling that of the plaintiff. On the other hand, the advertisement of the defendant states: "I am in no way connected with Morey Pearl, or The Tent, Inc." It is manifest that the public would not be led to believe that the dance hall operated by the defendant was that of the plaintiff. The master found that there was no intentional fraud practised by the defendant on the plaintiff in the use of the name "Hatherly Beach Tent," but that the defendant "is merely using the name 'Hatherly Beach Tent' and advertising the same as a dance hall situated at Hatherly Beach."

The defendant is entitled to use the word "Tent" as a part of the name of his place of business. It is a word in common usage, and the plaintiff has no exclusive right to its use unless it has come to have a secondary meaning as a designation of the plaintiff's place of business which the public has become accustomed to associate with the name. *American Waltham Watch Co.* v. *United States Watch Co.* 173 Mass. 85, 86. There is no finding that such a secondary meaning has become attached to the use of the word by the plaintiff.

Upon the findings of the master the plaintiff is not entitled to the relief which it seeks. The case is governed in principle by *Kaufman* v. *Kaufman, supra, Burns* v. *William J. Burns*

*International Detective Agency, Inc.* 235 Mass. 553, 557, *Hub Dress Manuf. Co.* v. *Rottenberg,* 237 Mass. 281, *Loew's Boston Theatres Co.* v. *Lowe,* 248 Mass. 456.

No question has been raised as to the form of the final decree.

*Decree affirmed with costs of the appeal.*