Florence A. PIKE, Appellant,

v.

RUBY FOO'S DEN, Inc., of MARYLAND,
a Corporation, et al., Appellees.

No. 12124.

United States Court of Appeals
District of Columbia Circuit.

Argued May 24, 1955.

Decided April 5, 1956.

Mr. Ward B. McCarthy, Washington, D. C., and Mr. Clarence P. Greer, New York City, a member of the bar of the Court of Appeals of New York, pro hac vice, by special leave of Court, for appellant.

Mr. Manuel J. Davis, Washington, D. C., for appellees.

Mr. James C. Toomey, Washington, D. C., pro se, as appellee-receiver and also as amicus curiae, by leave of Court. Mr. Walter E. Gillcrist, Washington, D. C., entered an appearance for appellee-receiver.

No appearance for appellee Golden City Restaurant Corporation, purchaser of assets of Ruby Foo's Den, Inc., at receiver's sale.

Before EDGERTON, WASHINGTON and DANAHER, Circuit Judges.

WASHINGTON, Circuit Judge.

This case concerns the right to use the name "Ruby Foo's Den," as applied to a restaurant business.

Plaintiff-appellant brought suit in the District Court for the appointment of a receiver for appellee corporation, and for certain other relief which need not concern us here. A receiver was appointed, and in due course he recommended sale of the appellee corporation's assets. At this point a question arose as to whether the name "Ruby Foo's Den," used to denominate a Washington, D. C., restaurant owned by appellee corporation, was an asset of the corporation, or belonged to appellant, who operates a restaurant having a similar name in New York City, and who claims to have licensed the use of the name by the Washington restaurant.

After a hearing, the District Court ruled that the trade name "Ruby Foo's Den" was an asset of the appellee corporation and therefore subject to sale along with the other assets of the business, which was being sold as a whole. A sale was held in accordance with this ruling, and appellant filed her appeal from the order ratifying sale.

■ A copy of the notice of appeal was not mailed to the purchaser at the sale (the purchaser having no attorney of record), although its purchase made it a party to the action. Kneeland v. American Loan & Trust Co., 1890, 136 U.S. 89, 95, 10 S.Ct. 950, 34 L.Ed. 379; Davis v. Mercantile Trust Co., 1894, 152 U.S. 590, 14 S.Ct. 693, 38 L.Ed. 563. However, Rule 73(b), Fed.Rules Civ.Proc. 28 U.S. C.A., specifically states that the clerk's failure to mail copies of the notice of appeal to a party "does not affect the validity of the appeal." On discovering the error after oral argument had taken place, we advised the purchaser of the situation and invited it to take such action as it considered necessary to preserve its interest in the appeal. The purchaser—The Golden City Restaurant Corporation—responded by submitting a detailed statement of its position in this case, and also submitted a reply to appellant's answer to this statement. We have carefully considered the purchaser's submissions in arriving at our decision. We believe that the procedure adopted and the disposition we have decided to make of this case fairly preserve the purchaser's rights.

■ The purchaser raises one contention that must be considered before we can come to the merits of the case. It contends that the only point preserved by appellant on this appeal is appellant's claim that the District Court erred in failing to grant appellant's motion for a rehearing under Rule 60(b), Fed.Rules Civ.Proc. This contention is primarily grounded on the conclusion of appellant's brief, that "the decision of the lower court is erroneous and should be reversed and a hearing on the Motion under Rule 60(b) be directed." But the decision from which this appeal was taken under the notice of appeal is the order ratifying the sale; the motion for a rehearing was possible only because of our decision in Smith v. Pollin, 1952, 90 U.S. App.D.C. 178, 194 F.2d 349, permitting such a motion even though an appeal is pending. The text of appellant's brief raises numerous issues not related to the

denial of a rehearing. A fair reading of the brief and its concluding prayer indicates that appellant is asking for reversal of the order of sale. We think appellant has preserved her appeal on these issues. We therefore turn to the merits.

Plaintiff-appellant asserts that the Washington restaurant acquired the name "Ruby Foo" by license from her, and had no right in the name which could be transferred by judicial sale. The receiver here contends that if such a license arrangement existed, it was invalid as a "naked" license. The trial court said only that plaintiff-appellant "purported to license the use of the trade name," from which we may conclude that perhaps it considered the license invalid, although it did not specifically say so. At least on the present state of the record, we are persuaded that the license agreement, if in fact there was one, was not a naked license. It appears that plaintiff-appellant took part in the organization of the Washington restaurant corporation, was president of it for a number of years, is still a director, and is a substantial stockholder. Cf. E. F. Prichard Co. v. Consumers Brewing Co., 6 Cir., 1943, 136 F.2d 512, certiorari denied, 1944, 321 U.S. 763, 64 S.Ct. 486, 88 L.Ed. 1060; Vermont Maple Syrup Co. v. F. N. Johnson Maple Syrup Co., D.C.D.Vt.1921, 272 F. 478. In addition, the agreement is asserted to require that the Washington restaurant render high grade service and sell good quality foods and liquors, and to be revocable on the breach of any covenant (or on the restaurant's insolvency), so that plaintiff-appellant retained some control over the quality of the product and the character of the management.

■ If a valid license agreement was entered into, the licensor would seem—prima facie at least—entitled to use its revocation privileges as set forth in the agreement. Certainly, use of the trade name by the licensee builds up no right in the licensee as against the licensor. E. F. Prichard Co. v. Consumers Brewing Co., supra; Smith v. Dental Products Co., 7 Cir., 140 F.2d 140, certiorari denied, 1944, 322 U.S. 743, 64 S.Ct. 1146, 88 L.Ed. 1576; Vermont Maple Syrup Co. v. F. N. Johnson Maple Syrup Co., supra.

Of course, it is possible that the purported license agreement was never entered into by the Washington restaurant, or that plaintiff waived her right to revoke for insolvency, cf. American Dirigold Corp. v. Dirigold Metals Corp., 6 Cir., 1942, 125 F.2d 446, and her other rights under the agreement.[1] But these are purely matters of conjecture to us, since the opinion and order before us contain no findings bearing on these points. The trial court based its ruling on the thesis that development of trade names in one geographical area does not bar use by another in a different area, citing Hanover Star Milling Co. v. Metcalf, 1916, 240 U.S. 403, 36 S.Ct. 357, 60 L.Ed. 713; United Drug Co. v. Theodore Rectanus Co., 1918, 248 U.S. 90, 39 S.Ct. 48, 63 L.Ed. 141, and Food Fair Stores, Inc. v. Square Deal Market Co., 1953, 93 U.S.App.D.C. 7, 206 F.2d 482, certiorari denied, 1954, 346 U.S. 937, 74 S.Ct. 377, 98 L.Ed. 426. But these cases do not appear to us to be controlling here. In the two Supreme Court cases the Court specifically relied on the fact that the junior user was unaware of the senior use, 240 U.S. at pages 412, 415, 36 S.Ct. 357; 248 U.S. at pages 100–103, 39 S.Ct. 48, and in Food Fair we noted that the District Court had specifically found that both users started to use the name at approximately the same time and that there was no usurpation, intentional or otherwise. 93 U.S.App.D.C. at page 9,

1. It also appears to be suggested that appellant never had any rights in the name Ruby Foo. However, if the Washington restaurant did enter into a license agreement with her, it might well be estopped to challenge her title. Smith v. Dental Products Co., supra, 140 F.2d at page 148; E. F. Prichard Co. v. Consumers Brewing Co., supra, 136 F.2d at page 522; Hicks v. Anchor Packing Co., 3 Cir., 1926, 16 F.2d 723, 726.

206 F.2d at page 484. In the instant case, there is no question that the Washington corporation had notice of the existence of the New York restaurant, and of the claims of Mrs. Pike (appellant here).

The Federal cases are virtually unanimous against a knowing junior user. See, for example, Food Fair Stores, Inc., v. Food Fair, Inc., 1 Cir., 1949, 177 F.2d 177; Stork Restaurant, Inc., v. Sahati, 9 Cir., 1948, 166 F.2d 348; White Tower System, Inc., v. White Castle System, 6 Cir., 1937, 90 F.2d 67; Buckspan v. Hudson's Bay Co., 5 Cir., 1927, 22 F.2d 721, certiorari denied, 1928, 276 U.S. 628, 48 S.Ct. 321, 72 L.Ed. 739; Sweet Sixteen Co. v. Sweet "16" Shop, Inc., 8 Cir., 1926, 15 F.2d 920. Although all of these cases involve at least minor contacts by the senior user with the locale in which the junior user is doing business, so that knowing junior use is not the sole factor present, at least one commentator has concluded that "the presence of notice is the determinative factor, usually sufficient in itself to bar the second user's claim." Developments in the Law—Trade Marks and Unfair Competition, 68 Harv.L.Rev. 814, 858 (1955). The only Federal case we have found which seems to point in the opposite direction is Lerner Stores Corp. v. Lerner, 9 Cir., 1947, 162 F.2d 160, but in that case the trade name was the personal name of the junior user and he went to considerable pains to distinguish his enterprise from that of the senior user.[2]

Furthermore, if the license agreement relied on by appellant was in fact valid, and if its provisions have not been waived by appellant, the problem in the instant case becomes an entirely different one from that presented by the cases cited by the trial court. But this is a matter which we cannot adequately review, by reason of lack of findings and conclusions by the trial court. Cf. Uline v. Uline, 1953, 92 U.S.App.D.C. 281, 205 F.2d 870. Accordingly, we must remand the case to the District Court for further proceedings not inconsistent with this opinion. We do not at this time vacate the order ratifying the sale, but if it should be determined that the receiver is not entitled to sell the name Ruby Foo's Den, or any similar name, then the order should be vacated so as to restore to appellant her rights in the trade name, and the purchaser should be permitted, if it wishes, to rescind the sale in its entirety, under appropriate conditions looking to adjustment of the equities.

Remanded for proceedings not inconsistent with this opinion.

2. A few older state cases permit a knowing junior use. Yellow Cab Co. of San Diego v. Sachs, 1923, 191 Cal. 238, 216 P. 33, 28 A.L.R. 105; Tent v. Burnham, 1929, 269 Mass. 211, 168 N.E. 735; Kaufman v. Kaufman, 1916, 223 Mass. 104, 111 N.E. 691. However, these cases seem to be based on the now outmoded theory that " 'there cannot be unfair competition unless there is competition' ", quoted in Yellow Cab Co. v. Sachs, supra, 191 Cal. at page 243, 216 P. at page 35, from Sartor v. Schaden, 1904, 125 Iowa 696, 702, 101 N.W. 511, 513–514, and at least one more recent state case has gone the other way. Maison Prunier v. Prunier's Restaurant & Cafe, Inc., 1936, 159 Misc. 551, 288 N.Y.S. 529. It is also worthy of note concerning the rights of the junior user that "If he imitates the other's trade-mark or trade name knowingly and acts in other ways to convey the impression that his business is associated with the other, the inference may reasonably be drawn that there are prospective purchasers to be misled." Restatement, Torts § 732, Comment a. And cf. American Medicinal Spirts Co. v. United Distillers, Ltd., 2 Cir., 1935, 76 F.2d 124, 125; My-T Fine Corp. v. Samuels, 2 Cir., 1934, 69 F.2d 76, 77, and cases there cited.