**GOLDEN CITY RESTAURANT, Inc.,**
Appellant,

v.

**Florence A. PIKE et al., Appellees.**

**No. 13579.**

United States Court of Appeals District of Columbia Circuit.

Argued April 2, 1957.

Decided May 16, 1957.

Mr. Robert Alfred Brown, Washington, D. C., with whom Mr. Hamilton W. Kenner, Washington, D. C., was on the brief, for appellant.

Messrs. Ward B. McCarthy, Washington, D. C., and Clarence P. Greer, New York City, a member of the bar of the Court of Appeals of New York, pro hac vice, by special leave of Court, with whom Messrs. W. Cameron Burton, Thomas B. Heffelfinger and John A. Kendrick, Washington, D. C., were on the brief, for appellee, Florence A. Pike.

Mr. Manuel J. Davis, Washington, D. C., for appellee, Ruby Foo's Den, Inc., and certain other appellees.

Messrs. Bernard Gordon, Joseph A. Kaufmann and Jacob Sandler, Washington, D. C., were on the brief for appellee, General Creditors Committee.

Mr. James C. Toomey, Washington, D. C., entered an appearance as Receiver.

Before EDGERTON, Chief Judge, and WASHINGTON and DANAHER, Circuit Judges.

PER CURIAM.

 This case returns to us on a new appeal, taken after remand to the District Court. See Pike v. Ruby Foo's Den, Inc., of Maryland, 1956, 98 U.S. App.D.C. 126, 232 F.2d 683. We affirm the District Court's judgment. The present appellant, Golden City Restaurant, Inc., could not have acquired the right to use the name "Ruby Foo" or "Ruby Foo's Den" on judicial sale by the receiver of the assets of the Maryland corporation (appellee on the former appeal), unless that corporation had by some means acquired a transferable right to use the name. It did not have a right to the name by appropriation and user. See our previous decision herein, cited above. The District Court, on remand, found that the Maryland corporation acquired from Florence Pike a valid revocable license to use the name, that she did not waive the right to revoke, that the license terminated on October 21, 1953, upon judicial determination of the Maryland corporation's insolvency,[1] and that the trade name was consequently not an asset of the corporation subject to later sale by the receiver. These findings are based on adequate evidence, and will not be disturbed.

The appellant stated in the District Court that it would elect to rescind its purchase of the Maryland corporation's assets only if it received the amount of $100,000, representing its estimate of the present market value of the restaurant business including the trade name, even though (as has now been held) it did not acquire the right to use the name, and the price it was to pay for all the assets on purchase at judicial sale approved November 12, 1953, was $49,000. It seems obvious that a rescission on that basis would not create or represent appropriate conditions adjusting the equities between the interested parties, including the creditors and stockholders of the Maryland corporation.[2] The District Court did not err in refusing to permit rescission of the sale on the basis demanded by the appellant.

Affirmed.

1. Although no specific finding was made, it seems plain that the District Court regarded as evidence of a revocation of the license by Mrs. Pike her motion of November 4, 1953, asserting that the Maryland corporation had forfeited its license to use the name and that she was the exclusive owner of the name.

2. Florence Pike, the licensor, agreed in the District Court that the appellant should not be liable to her in damages for its use of the trade name between November 10, 1953, and September 1, 1956, the date on which it was ordered to cease use of the name.