GOLDEN CITY RESTAURANT CORPO-RATION, a corporation, Plaintiff,

v.

James C. TOOMEY, Defendant.

Civ. A. 1375–57.

United States District Court
District of Columbia.

Sept. 30, 1957.

Robert Alfred Brown, Hamilton W. Kenner, Washington, D. C., for plaintiff.

Walter E. Gillcrist, Washington, D. C., for defendant.

KEECH, District Judge.

This case is before the court on the defendant's amended motion to dismiss the complaint or, in the alternative, for summary judgment, and the plaintiff's opposition to the original motion to dismiss, no opposition to the amended motion having been filed by the plaintiff.

The plaintiff, Golden City Restaurant Corporation, claims damages in the sum of $30,000 from the defendant Toomey in connection with plaintiff's purchase at a judicial sale of all the assets of a restaurant business known as "Ruby Foo's Den, Inc.," in the city of Washington, sold by defendant herein as receiver, pursuant to order of this court in Civil Action 3296–53.

In ordering the sale of the restaurant business of Ruby Foo's Den, Inc., this court held the trade name "Ruby Foo" to be an asset of the business. Inasmuch as this issue had been hotly contested, before receiving any bids the judge read in open court his ruling as to ownership of the trade name, and stated:

"I read that memorandum so that all who are interested in the matter will know that there has been and may continue to be a contest as to whether or not the name 'Ruby Foo's' is an asset of the Ruby Foo's Den, Inc., corporation, a Maryland corporation. As has been indicated to you by what I read, I do hold it to be an asset and subject to sale; but I do feel it is my duty to see that everybody knows that it is and has been the subject of litigation."

The officers of plaintiff corporation, Chinese, were present at the time the court gave this warning and were accompanied by a local attorney. Following the court's statement, plaintiff, through its attorney, made the successful bid for purchase of the business, in the amount of $49,000. Pursuant to a court order ratifying the sale, the defendant-receiver conveyed to plaintiff by bill of sale, on a standard printed form,

"all and singular the assets of Ruby Foo's Den, Inc., including the restaurant business carried on in the premises known as 728 13th Street N. W. Washington, D. C., together with the good will of said business and the trade name 'Ruby Foo' and also including all and singular the trade fixtures, equipment, goods, wares and merchandise thereof, including also the items specified * * * "

in a three-page detailed inventory of restaurant equipment. Following the inventory this warranty appeared:

" * * * said goods and chattels, *I* hereby certify, it being one of the express conditions upon which this sale is made, belong absolutely to *me;* that there are no prior liens against them, and that I have a right to sell and give possession of the same *and goods and*

*chattels located in premises 728–13th Street N. W. and will be delivered to said Golden City Restaurant Corp.* when *it* sends for same." [1]

The bill of sale was signed by the receiver in his official capacity.

Subsequently, the lower court's finding as to ownership of the trade name "Ruby Foo" was reversed and remanded for redetermination under the rules of law enunciated by the United States Court of Appeals for the District of Columbia Circuit in its opinion. Pike v. Ruby Foo's Den, Inc., 98 U.S.App.D.C. 126, 232 F.2d 683. In remanding, the Court of Appeals directed that, if the lower court should find the trade name not to be owned by Ruby Foo's Den, Inc., the plaintiff herein should be given an opportunity to rescind the sale in its entirety, under appropriate conditions looking to adjustment of the equities.

Upon remand, the trial court found Ruby Foo's Den, Inc., to have been a mere licensee of the trade name, amended the order ratifying the sale of corporate assets to exclude the trade name, and gave plaintiff an opportunity to rescind the purchase in entirety upon an equitable basis. Golden City elected to rescind only if it were paid the sum of $100,000. The court held that this proposal did not constitute rescission upon an equitable basis, and its ruling was affirmed on appeal. Golden City Restaurant, Inc., v. Pike, D.C.Cir., 246 F.2d 684.

The plaintiff now seeks damages from the receiver, not in his official capacity, but as an individual, in the sum of $30,000, alleged to be the value of the trade name "Ruby Foo", on the theory of breach of a warranty of ownership of the trade name under the bill of sale or, alternatively, on the theory of unjust enrichment, alleging that defendant has been paid for something the plaintiff did not receive.

Counsel for plaintiff, in his opposition to the motion to dismiss, recognizes that ordinarily the doctrine of caveat emptor applies to judicial sales,[2] but states that, because of the judge's warning prior to sale that there might continue to be a contest over the ownership of the trade name, "plaintiff demanded of the defendant a warranty as a condition of its purchase." Counsel points out that the alleged warranty set forth in the bill of sale was executed by defendant after the judge's remarks, and argues that the warranty, rather than the observations of the court, constitutes the agreement between the defendant and plaintiff.

■ Although a trade name is personal property and in some contexts might fall within the phrase "goods and chattels", reading the bill of sale in the instant case as a whole and construing it against the receiver-seller, who must have prepared it, the court concludes that "trade name" is not included in the phrase as used in the warranty of ownership. The words "said goods and chattels" follow, without intervening punctuation, the itemized inventory of specific restaurant equipment attached to the bill of sale. "I hereby certify" governs not only the clause "said goods and chattels * * * belong absolutely to me," but also the clauses immediately following: " * * * that there are no prior liens against *them,* and that I have a right to sell and give possession of the *same* and goods and chattels located in premises 728–13th Street N. W. and will be delivered to said Golden City Restaurant Corp. when it sends for *same.*" The antecedent of the words "them" and "same" is "goods and chattels", appearing in the warranty of ownership clause. There could be no "prior lien" against the trade name, and the seller would not promise to "deliver" a trade name to the purchaser "when it sends for same."

■ If however, the warranty clause be considered ambiguous, the court would be compelled to construe the warranty as not including ownership of the trade

---

1. Italicized portions were typed, the balance printed form.

2. The Monte Allegre, 1824, 9 Wheat. 616, 22 U.S. 616, 6 L.Ed. 174.

name, in view of the fact that it is plain on the record that the parties could not have had a contrary intent or understanding. The receiver, as plaintiff knew, was merely an officer of the court, directed by the court to convey to the purchaser at the judicial sale the assets of Ruby Foo's Den, Inc.; and as both parties knew, the defendant receiver had no power to convey more. Before the plaintiff made its offer to purchase, it had been purposely and clearly put on notice by the court that ownership of the trade name was in litigation, as counsel for plaintiff admits in his points and authorities. In the face of such warning, plaintiff chose to bid for the purchase of the assets of Ruby Foo's Den, Inc., including the trade name with a cloud upon it. Plaintiff's bid was accepted and ratified by the court. Plaintiff, under a contract of its own making, was entitled to have the receiver convey to it all the assets of the restaurant corporation, including the trade name with a cloud upon it. That is all the receiver could intend to convey, and the plaintiff knew that was all that it could receive under the bill of sale.

█ As to the suggestion of counsel that, because of the court's admonition, plaintiff exacted a warranty by the receiver as a condition of its purchase, aside from the fact that no reasonable person could conceive of a sane receiver's warranting ownership of receivership assets currently in litigation, plaintiff had already made a binding contract when its bid was accepted by the court, and there was no consideration for a further warranty despite the court's warning and beyond the receiver's authority.[3]

█ There is another ground upon which plaintiff's complaint must fail. In order to recover damages for breach of warranty, the party claiming injury must have relied upon the warranty to his damage.[4] Here, as disclosed by the record in Civil Action 3296–53, there could be no such reliance, since plaintiff, advised by accompanying counsel, entered its bid for purchase of the corporate assets immediately after being fully informed by the judge in open court that ownership of the trade name was in litigation. Inasmuch as there could be no reliance upon any contrary representation by the receiver as to ownership of the trade name, particularly one made after acceptance of plaintiff's bid, the general rule of caveat emptor applies to this judicial sale. The cases cited by plaintiff in which the rule has been relaxed are distinguishable on their facts.

█ This is not a case where an innocent purchaser, without notice, has been induced to purchase at a judicial sale through a mistake of fact created by some misrepresentation by a judicial officer beyond the scope of his authority. On the contrary, all the facts were made known to the officers of the plaintiff corporation and its attorney prior to its offer to purchase. The amount of the successful bid doubtless was reduced by the known uncertain status of the trade name. Plaintiff has, in fact, been given and rejected an opportunity to rescind the entire transaction on an equitable basis. It may not now seek damages from the receiver as an individual to compensate for the consequences of its own voluntary act.

The facts, as disclosed by the record in Civil Action 3296–53, also completely refute the claim on the alternative theory of unjust enrichment.

For the foregoing reasons, the court will grant the defendant's motion for summary judgment. Counsel will prepare and present promptly an appropriate order.

3. W. & S. Job & Co., Inc., v. Heidritter Lumber Co., 2 Cir., 1918, 255 F. 311, 313, 3 A.L.R. 619.

4. Hugo V. Loewi, Inc., v. Smith, 186 F.2d 858.