Isadore BLAU, a stockholder of Bellanca Corporation, suing on behalf of himself and all other stockholders similarly situated and on behalf and in the right of Bellanca Corporation, Plaintiff,

v.

Phillip E. ALBERT, Hannah W. Albert, Theodore B. Sutnick, Pearl A. Sutnick, Sidney L. Albert and Estelle D. Albert, a co-partnership, doing business under the firm name and style of L. Albert & Son, Sidney L. Albert and Bellanca Corporation, Defendants.

United States District Court<br>S. D. New York.<br>Dec. 16, 1957.

Morris J. Levy, New York City, for plaintiff.

Nussbaum & Tanen, New York City, for defendants L. Albert & Son and Sidney L. Albert.

IRVING R. KAUFMAN, District Judge.

By this motion, defendant Sidney L. Albert, individually and as co-partner of defendant L. Albert & Son, seeks an order dismissing the complaint under Fed.R.Civ.Proc. 12(b), 28 U.S.C.A., for its failure to state a claim upon which relief can be granted or in the alternative an order for summary judgment under Rule 56. The complaint states two causes of action under Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78p(b) whereby the plaintiff, a stockholder of Bellanca Corporation, seeks to recover for the benefit of the corporation profits alleged to have been made from the short term trading in Bellanca stock by defendant L. Albert & Son as beneficial owner of more than 10% of Bellanca's equity securities and defendant Sidney L. Albert individually as director and officer of Bellanca. Bellanca having refused to bring this action after being requested to do so by the plaintiff is also named as a nominal defendant. The complete text of Section 16(b) is quoted in full below.[1]

---

1. "For the purpose of preventing the unfair use of information which may have been obtained by such beneficial owner, director, or officer by reason of his relationship to the issuer, any profit realized by him from any purchase and sale, or any sale and purchase, of any equity security of such issuer (other than an exempted security) within any period of less than six months, unless such security was acquired in good faith in connection with a debt previously contracted, shall inure to and be recoverable by the issuer, irrespective of any intention on the part of such beneficial owner, director, or officer in entering into such transaction of holding the security purchased or of not repurchasing the security sold for a period exceeding six months. Suit to recover such profit may be instituted at law or in equity in any court of competent jurisdiction by the issuer, or by the owner of any security of the issuer, in the name and in behalf of the issuer if the issuer shall fail or refuse to bring such suit within sixty days after request or shall fail diligently to prosecute the same thereafter; but no such suit shall be brought more than two years after the date such profit was realized. This subsection shall not be construed to cover any transaction

The complaint alleges further in substance that between, on or about February 23, 1955 and May 9, 1955, a period of less than six months, L. Albert & Son, upon the direction of Sidney L. Albert, purchased 1,071,250 shares of Bellanca stock and sold 50,500 of such shares realizing profits thereon which did not inure to and were not recovered by Bellanca. It is further alleged that defendants failed to file statements of change of ownership (form 4) with the Securities and Exchange Commission as required by Section 16(a) until November 15th, 1955, December 15th, 1955 and October 10th, 1956.

As grounds for dismissal of the complaint under Rule 12(b) defendant alleges (1) that plaintiff has failed to state a claim inasmuch as the action was not brought within the two year period prescribed by Section 16(b) and (2) that the complaint is defective in not averring that plaintiff was a shareholder at the time of the transactions of which he complains as required by Rule 23(b) of the Federal Rules of Civil Procedure.

■ I shall dispose of the latter contention first. Moving defendant admits in his brief that the requirement of Rule 23(b) that plaintiff be a stockholder at the time the acts complained of occurred is treated by existing case law as inapplicable to this type of proceeding. To be sure, the Second Circuit Court of Appeals in Blau v. Mission Corp., 2 Cir., 212 F.2d 77, 79, certiorari denied 1954, 347 U.S. 1016, 74 S.Ct. 872, 98 L.Ed. 1138 noted that Rule 23, "directed particularly to the shareholder's derivative action to recover for misdeeds of corporate officials, cannot, even if so perhaps intended, override the direct mandate of § 16(b) that suit may be brought 'by the owner of any security' without qualification." To the same effect, see Dottenheim v. Murchison, 5 Cir., 1955, 227 F.2d 737, certiorari denied 1956, 351 U.S. 919, 76 S.Ct. 712, 100 L.Ed.

1451; Pellegrino v. Nesbit, 9 Cir., 1953, 203 F.2d 463, 466, 37 A.L.R.2d 1296. In the face of such imposing authority, I must conclude that the law is overwhelmingly contra to the position this defendant takes in his argument and his motion insofar as it relies on the application of Rule 23 must be rejected.

■ The real thrust of the moving defendant's attack on the complaint and the one in which he evidently places the most reliance is that the action not having been commenced within the two year period from the time the alleged profits were realized the plaintiff is now barred from prosecuting his claim under the express language of Section 16(b). The text of Section 16(b) does in fact state that "no such suit shall be brought more than two years after the date such profit was realized." However, in Holmberg v. Armbrecht, 1946, 327 U.S. 392, 397, 66 S.Ct. 582, 585, 90 L.Ed. 743 the Supreme Court in dictum announced the principle that into every federal statute of limitation is read the old Chancery rule "that where a plaintiff has been injured by fraud and 'remains in ignorance of it without any fault or want of diligence or care on his part, the bar of the statute does not begin to run until the fraud is discovered, though there be no special circumstances or efforts on the part of the party committing the fraud to conceal it from the knowledge of the other party.'"

■ This doctrine was specifically applied to an action under Section 16(b) in Grossman v. Young, D.C.S.D.N.Y. 1947, 72 F.Supp. 375, where the failure to file the required statement with the Securities and Exchange Commission was held to toll the running of the two year statute of limitations. The moving defendant would have me distinguish the instant case from Grossman, on the ground that there is no claim of fraud here and that no fraud could in fact have been practiced upon plaintiff since

where such beneficial owner was not such both at the time of the purchase and sale, or the sale and purchase, of the security involved, or any transaction or transactions which the Commission by rules and regulations may exempt as not comprehended within the purpose of this subsection."

he did not become a stockholder of Bellanca until after the last of the forms 4 were filed and then almost three years after the transactions complained of. But the only fraud necessary to invoke the federal equitable doctrine is a violation of the statutory policy against trading by insiders. "Concealment of that violation, whether intentional or inadvertent, effectively prevents suit and demands the 'mitigating construction' of the statute of limitations given by the court in other contexts." Cook & Feldman, Insider Trading under the Securities Exchange Act, 66 Harv.L.Rev. 385, 413 (1953).

■■ As to the argument that the fraud could not have been practiced against the plaintiff who was bereft of any interest in the corporation at the time of the transactions, I fail to see how such a situation differs from those cases which find a capacity to sue in a party obtaining an interest in the corporation subsequent to the procurement of the illegal profits by an insider. See Blau v. Mission Corp., supra, Dottenheim v. Murchison, supra. Furthermore, in theory, the plaintiff is suing in behalf of the corporation and other shareholders similarly situated for injuries suffered by the corporate entity and the fact that the particular plaintiff was not defrauded in the ordinary sense of the term is hardly a defense. If the moving defendant were to prevail in his argument it would be a simple matter for the unscrupulous to avoid the salutary effect of Section 16(b) which provides a remedy for the recovery of short term profits, simply by failing to file monthly reports in violation of subdivision (a) and thereby concealing from prospective plaintiffs the information which they would need to adequately protect their interests. Such a construction would reward the violation of the statute and would manifestly frustrate congressional intent. Construing the complaint as I must upon a motion of this kind, in the light most favorable to plaintiff, I find that the allegation of failure to file the necessary reports until November 15,

1955 is sufficient to invoke the equitable doctrine referred to above and that the action was timely instituted within two years from this date.

■ In support of this motion for summary judgment, the moving defendant alleges that the transactions mentioned in the complaint were not transactions within the scope of Section 16(b) of the Securities Exchange Act of 1934. More specifically, this defendant contends that the disposition by L. Albert & Son of the 50,500 shares of Bellanca stock involved in the short swing transaction were not in fact or in law a "sale" within the meaning of Section 16(b). In the moving papers, defendant divides the aforesaid shares of stock into three categories.

The first two categories enumerated by the moving defendant involve a disposition of blocks of 13,500 and 10,000 shares to Joseph L. Patrick and Howard Hansel, Jr. respectively, as compensation for services rendered in connection with the purchase by L. Albert & Son of the 1,071,250 shares of Bellanca stock. As to Patrick, the shares were allegedly transferred to him upon his exercise of an option by which he was to receive upon the payment of $12,500 one and a quarter per cent of the total stock acquired by L. Albert & Son. The 10,000 shares to Hansel were delivered as partial payment of the one and a quarter per cent of the total number of shares acquired by L. Albert & Son stipulated by the parties as compensation for his services.

The purpose of Section 16(b) was to authorize recovery of profits made by an insider or corporate officer from his short term trading in corporate stock. With respect to the 23,500 shares transferred, there is enough before me on this motion to make it appear that the parties contemplated that compensation for value of the services rendered would be partially defrayed by the anticipated rise in the value of these shares. Such increment in value as accrued to the 23,500 shares was in effect then inuring to the benefit of defendants, who but for

the arrangement agreed upon, would have had to pay an amount in excess of their cost of the stock transferred as compensation for the services rendered by Messrs. Patrick and Hansel. Logic dictates that under such circumstances defendants should be held accountable for any short swing profits resulting just as would be the case if the stock were sold in the open market for an amount representing the increased market value. At the very least there is an issue of fact as to the character of these transfers which must be resolved at trial.

■ The moving defendant argues further that no sale 'was executed since in effect, while L. Albert & Son acquired 1,071,250 shares of Bellanca stock, it was really acquiring only 1,071,250 shares less the two and one-half per cent it was obligated to pay Messrs. Patrick and Hansel and therefore no purchase and sale was consummated. But, whether the disposition of the 23,500 shares of stock be treated as payment for a pre-existing debt (Smolowe v. Delendo Corp., D.C.S.D.N.Y.1942, 46 F.Supp. 758, affirmed 2 Cir., 136 F.2d 231, 148 A.L.R. 300, certiorari denied 1943, 320 U.S. 751, 64 S.Ct. 56, 88 L.Ed. 446 or as a brokerage transaction with L. Albert & Son acting merely on behalf of the ultimate recipients (Arkansas Louisiana Gas Co. v. W. R. Stephens Investment Co., D.C. W.D.Ark.1956, 141 F.Supp. 841) the transactions are covered by the Act and it is immaterial whether the defendants were in fact acting without the benefit of any inside information.

■ The third category cited in the moving papers represents some 27,000 shares of Bellanca stock, which it is alleged were disposed of by gift and not by sale. While it may very well be that a gift is not within the accepted meaning of "sales" as used in Section 16(b) (Shaw v. Dreyfus, 2 Cir., 172 F.2d 140, certiorari denied 1949, 337 U.S. 907, 69 S.Ct. 1048, 93 L.Ed. 1719) in this case an issue of fact is presented as to whether the gifts were bona fide. The plaintiff has directed the court's atten-

tion to the reports filed by L. Albert & Son and Sidney L. Albert with the Securities and Exchange Commission and with the American Stock Exchange pursuant to Section 16(a) of the Act in which the transfer of the 27,000 shares was indicated as "sales made privately for investment." Indeed, it is conceivable that upon subsequent examination, the alleged charitable donation will take on the appearance of a subterfuge by which defendants sought to enlist the aid of certain people in their acquisition of a large block of Bellanca stock and that the 27,000 shares was additional consideration given for such aid. In any event, such a resolution must await a trial of the facts and cannot be determined on a motion for summary judgment.

The motion is in all respects denied. So ordered.