In re Tyco (Kozlowski/Swartz 03-1339) MD-02-1335-B  03/16/04

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

**In re Tyco International, Ltd.
Multidistrict Litigation (MDL 1335)**

MDL DOCKET NO.02-1335-B
**TYCO-PLAINTIFF ACTIONS**
Case No. 03-1339-B

Opinion No. 2004 DNH 047

**MEMORANDUM AND ORDER**

Tyco International, Ltd. ("Tyco"), brings suit against its former Chief Executive Officer, L. Dennis Kozlowski, and its former Chief Financial Officer, Mark H. Swartz, pursuant to Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b) ("Section 16(b)") for disgorgement of short-swing trading profits from transactions in Tyco stock.  Kozlowski and Swartz bring a motion to dismiss in part the complaint under Fed. R. Civ. P. 12(b)(6) arguing that some of the stock transactions referenced in Tyco's complaint are barred by Section 16(b)'s two year statute of limitations.[1]

---

[1]  Kozlowski and Swartz claim that Kozlowski's challenged sales transactions 2, 4-14, and 16-17, as numbered in Tyco's complaint, are outside the two year statute of limitations.  They also claim that Swartz's challenged sales transactions 2, 4, 6,

15 U.S.C. § 78p(b) ("no such suit shall be brought more than two years after the date such profit was realized"). Tyco counters in an opposition motion that the statute of limitations should be equitably tolled for the stock transactions in question.

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint should be dismissed . . . 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Gorski v. N.H. Dep't of Corr., 290 F.3d 466, 473 (1st Cir. 2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)). I must accept the factual allegations in the complaint as true and draw all reasonable inferences from those alleged facts in favor of the pleader, Tyco. Id. I must, however, limit my inquiry to the facts alleged in the complaint, incorporated into the complaint, or susceptible to judicial notice. See In re Colonial Mortgage Bankers Corp., 324 F.3d 12, 15 (1st Cir. 2003); Young v. Lepone, 305 F.3d 1, 11 (1st Cir. 2002) ("The fate of a motion to dismiss under Rule 12(b)(6) ordinarily depends on the allegations

8-11, and 13-14, as numbered in Tyco's complaint, are outside the statue of limitations.

2

contained within the four corners of the plaintiff's complaint."); see also Lovelace v. Software Spectrum Inc., 78 F.3d 1015, 1017-18 (5th Cir. 1996) (courts must limit inquiry to facts stated in complaint, documents either attached to or incorporated into the complaint, and matters of which the court may take judicial notice).  I also need not accept subjective characterizations, bald assertions, or unsubstantiated conclusions.  See Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52-53 (1st Cir. 1990).  With this in mind, I evaluate the motion to dismiss in part the complaint.

Kozlowski and Swartz correctly point out that some of the stock transactions in question fall outside the two year statute of limitations under Section 16(b).  Tyco all but concedes this fact but argues that the statute of limitations for these transactions should be equitably tolled because Kozlowski and Swartz filed late and misleading forms regarding these stock transactions with the Securities Exchange Commission ("SEC").  While such an action by Kozlowski and Swartz may warrant equitable tolling of the statute of limitations, I cannot properly evaluate this claim as it appears for the first time in

3

Tyco's memorandum opposing the motion to dismiss. See, e.g., Schneider v. Cal. Dep't of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (court cannot take into account additional facts or allegations found outside of complaint in memorandum in opposition to motion to dismiss); Shanahan v. City of Chicago, 82 F.3d 776, 781 (7th Cir. 1996) (plaintiff may not amend complaint in opposition brief). Nowhere in Tyco's complaint is there a reference to Kozlowski or Swartz failing to file, filing late, or filing misleading forms with the SEC. These allegations and factual assertions appear for the first time in Tyco's opposition memorandum to the motion to dismiss. The complaint only cites the date and type of stock transaction challenged, never referring to any forms filed or not filed with the SEC for these transactions.[2] Therefore, "[o]n the face of [Tyco's] original complaint it is clear that [part of] the cause of action is barred by the applicable statute of limitations." Aldahonda-

_____

[2] While I may take judicial notice of any forms filed by Kozlowski and Swartz with the SEC, it is up to Tyco to make factual allegations regarding the impact of such forms in its complaint beyond the conclusory allegation that the stock transactions did not qualify for exemption under Section 16(b). See Lovelace, 78 F.3d at 1018.

4

<u>Rivera v. Parke Davis & Co.</u>, 882 F.2d 590, 592 (1st Cir. 1989).

Moreover, Tyco's "argument that the limitations period was tolled

. . . is not supported by any specific facts pleaded in the

complaint." <u>Id.</u> For this reason I take no view on the merits of

Tyco's equitable tolling argument, but grant Kozlowski and

Swartz's motion to dismiss in part the complaint.[3] I do,

however, note that Tyco is free to file an amended complaint as

no answer has yet been filed and because it does not appear

beyond doubt that Tyco cannot state a cause of action regarding

the challenged stock transactions. <u>See</u> <u>Czosek v. O'Mara</u>, 397

U.S. 25, 27 (1970) ("[W]here the courts are called upon to

fulfill their role as the primary guardians of the duty of fair

representation, complaints should be construed to avoid

---

[3] I also decline to take a position as to what Tyco must plead and prove to establish that the statute of limitations was equitably tolled. The First Circuit has not spoken on the issue and other courts have taken differing positions on whether fraud must be specifically pleaded and proved. <u>Compare</u> <u>Donoghue v. Am. Skiing Co.</u>, 155 F. Supp. 70, 74-75 (S.D.N.Y. 2001) (requiring fraud and other traditional elements of equitable tolling to be pleaded and proved) <u>with</u> <u>Whittaker v. Whittaker Corp.</u>, 639 F.2d 516, 527 (9th Cir. 1981) (failure to file reports required by § 16(a) equitably tolls statute of limitations); <u>and Rosen ex rel. Egghead.com, Inc. v. Brookhaven Capital Mgt. Co.</u>, 179 F. Supp. 2d 330, 339 (S.D.N.Y. 2002) (same).

5

dismissals and the plaintiff at the very least should be given the opportunity to file supplemental pleadings unless it appears beyond doubt that he cannot state a good cause of action.") (quotes and citations omitted).

I therefore grant Kozlowski and Swartz's motion to dismiss in part the complaint (Doc. No. 5) regarding Kozlowski's challenged stock transactions numbered in the complaint as 2, 4-14, and 16-17, and Swartz's challenged stock transactions numbered in the complaint as 2, 4, 6, 8-11, and 13-14. I take no position on the equitable tolling of the statute of limitations for the challenged stock transactions, but note that Tyco is free to file an amended complaint within 30 days of the date of this Order if it so chooses.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

March 16, 2004

cc: Counsel of Record

6