Tyco Int'l v. Kozlowski and Swartz    02-md-1335-PB  04/21/05

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**


**Tyco International Ltd.**

          v.

**L. Dennis Kozlowski
and Mark H. Swartz**

MDL Docket No. 02-1335-B
Civil No. 03-CV-1339-PB

Opinion No. 2005 DNH 068


MEMORANDUM AND ORDER

Tyco International, Ltd. brings this suit against L. Dennis Kozlowski, its former Chief Executive Officer, and Mark H. Swartz, its former Chief Financial Officer, pursuant to Section 16(b) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78p(b) ("Section 16(b)").  It seeks disgorgement of approximately $30 million in short-swing trading profits resulting from prohibited transactions in Tyco stock.  Kozlowski and Swartz have moved to partially dismiss Tyco's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), arguing that 17 of the stock transactions (the "Challenged Transactions") referenced in the Amended Complaint are barred by Section 16(b)'s two-year statute

of limitations.[1]

## I.  BACKGROUND AND PROCEDURAL HISTORY

On December 6, 2002, Tyco filed a complaint against Kozlowski and Swartz to recover improper short-swing profits on a total of 50 transactions, 24 by Kozlowski and 26 by Swartz.  On October 3, 2003, defendants moved to partially dismiss the original complaint on the ground that Tyco's claims concerning a number of the allegedly prohibited transactions were time-barred.  On March 16, 2004, I granted defendants' motions while granting Tyco leave to file an amended complaint pleading equitable tolling.  See In re Tyco Int'l Ltd. Multidistrict Litig. (MDL 1335), 2004 DNH 47 at *2.  Tyco filed its Amended Complaint on May 14, 2004.

In the Amended Complaint, Tyco alleges that Kozlowski and Swartz each engaged in multiple prohibited transactions involving

---

[1]  Defendants specifically argue that Tyco's claims based on Kozlowski's transactions 3-14 and Swartz's transactions 5-9, as numbered in Tyco's Amended Complaint at pages 18-20 and 34-36, were filed after Section 16(b)'s two-year statute of limitations had run.  In their motion to dismiss, defendants have not challenged the remaining 33 transactions identified in the Amended Complaint.

Tyco securities in violation of Section 16(b). With respect to Kozlowski's transactions 3-5 and 12, and Swartz's transaction 5, Tyco alleges that on October 10, 2000, and again on November 13, 2001, defendants filed a Form 4[2] with the Securities and Exchange Commission ("SEC"), improperly claiming that the transactions were exempt under Rule 16b-3.[3] Amended Complaint ("Am. Compl.") ¶¶ 17, 22, 27, 51, 106. Tyco further alleges that by erroneously claiming that the transactions were exempt, defendants concealed that the short-swing profits resulting from the transactions were subject to disgorgement. Id. ¶¶ 18, 23, 28, 53, 107. Tyco thus contends that because the transactions were never *properly* reported on a Form 4 filing, the statute of limitations under Section 16(b) should be equitably tolled until September 2002, when it first discovered defendants' false exemption claims. Id. ¶¶ 19, 24, 29, 54, 108.

---

[2] A Form 4 is the document insiders must file with the SEC to disclose short-swing profits. See 17 C.F.R. § 240.16a-3(a) & (g). A Form 4 must be filed within ten days after the close of the calendar month in which the transaction occurred. 15 U.S.C. § 78p(a).

[3] Rule 16b-3 requires that the terms of each disposition of a security must be approved in advance by the issuer's shareholders, its board of directors, or a committee that is comprised solely of two or more Non-Employee Directors. 17 C.F.R. § 240.16b-3(d)(1).

Similarly, with respect to Kozlowski's transactions 6-11, and Swartz's transactions 6 and 7, Tyco alleges that defendants "did not properly disclose the entire transaction in a Form 4 they filed with the SEC on October 10, 2000." Am. Compl. ¶¶ 33, 36, 39, 42, 45, 48, 112, 115. Tyco charges that these transactions were not properly disclosed until defendants filed a subsequent Form 4 with the SEC on November 13, 2001, nearly thirteen months later. Id. According to Tyco, the statute of limitations should be equitably tolled as to these transactions until at least November 13, 2001, when defendants filed the completed Form 4. Id.

Finally, with respect to Kozlowski's transactions 13 and 14, and Swartz's transactions 8 and 9, Tyco alleges that defendants *never* reported these transactions on a Form 4 filed with the SEC, and only disclosed them on a Form 5 filed on November 13, 2001. Am. Compl. ¶¶ 56, 61, 118, 123. In addition, Tyco alleges that defendants again erroneously claimed that the transactions were exempt under Rule 16b-3. Id. at ¶¶ 56, 61, 118, 123. Tyco thus maintains that the statute of limitations for these transactions should be tolled until September 2002, when it first discovered

defendants' false exemption claims for these transactions.  Id. at ¶¶ 58, 63, 120, 125.

## II.  <u>STANDARD OF REVIEW</u>

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must accept as true all well-pleaded factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiff.  <u>Beddall v. State St. Bank & Trust Co.</u>, 137 F.3d 12, 16 (1st Cir. 1998).  A complaint should not be dismissed under Rule 12(b)(6) unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  <u>Lalonde v. Textron, Inc.</u>, 369 F.3d 1, 6 (1st Cir. 2004)(quoting <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 514 (2002)).  The issue at this embryonic stage of the litigation, therefore, "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

In an appropriate case, an affirmative defense, including the statute of limitations, may be adjudicated on a Rule 12(b)(6)

motion to dismiss.  See In re Colonial Mortgage Bankers Corp., 324 F.3d 12, 16 (1st Cir. 2003).  An appropriate case is one in which two conditions are met.  See id.  First, "the facts that establish the defense must be definitively ascertainable from the allegations of the complaint. . . ."  Id.; Blackstone Realty LLC v. FDIC, 244 F.3d 193, 197 (1st Cir. 2001).  Second, "the facts so gleaned must *conclusively* establish the affirmative defense." In re Colonial Mortgage, 324 F.3d at 16 (emphasis added); see also Blackstone Realty LLC, 244 F.3d at 197 (noting that review of the complaint must "leave no doubt" that the plaintiff's action is barred by the asserted defense); cf. Cervantes v. City of San Diego, 5 F.3d 1273, 1277 (9th Cir. 1993)(finding dismissal based on statute of limitations defense inappropriate where the complaint "adequately allege[d] facts showing the *potential* applicability of the equitable tolling doctrine") (emphasis in original).  Because, as I explain below, the second condition has not been met in this case, adjudication of defendants' argument that the Challenged Transactions are barred by the statute of limitations and are not subject to equitable tolling is inappropriate at this early stage of the litigation.

## III.  ANALYSIS

Defendants charge that equitable tolling is unwarranted in this case because Tyco has failed to comply with Fed. R. Civ. P 9(b), which they claim requires Tyco to plead with particularity facts showing that:  (1) defendants concealed the basic facts that would reveal their alleged wrongdoing; (2) Tyco did not have actual or constructive notice of these facts; and (3) Tyco exercised reasonable diligence to uncover defendants' wrongdoing. See J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc., 76 F.3d 1245, 1255 (1st Cir. 1996); Salois v. Dime Sav. Bank of New York, 1996 WL 33370626, at *7 (D. Mass. Nov. 13, 1996), aff'd, 128 F.3d 20 (1st Cir. 1997).  Defendants argue that because Tyco has failed to satisfy all three of these elements, equitable tolling is not warranted, and its claims based on the Challenged Transactions must be dismissed.  I disagree.

The first flaw in defendants' argument is that it is based on the incorrect assumption that Tyco's equitable tolling argument is subject to Rule 9(b).  Several courts have concluded that plaintiffs need not prove that a defendant's concealment of facts in a Form 4 filing was fraudulent in order to toll the

statute of limitations.  See <u>Rosen ex rel. Egghead.com, Inc. v.</u> <u>Brookhaven Capital Mgmt. Co.</u>, 179 F. Supp. 2d 330, 338 ("a § 16(b) plaintiff need do no more than prove [defendant's] failure [to file § 16(a) reports], which *ipso facto* establishes defendant's wrongful concealment preventing plaintiff's discovery of the claim"); <u>Blau v. Albert</u>, 157 F. Supp. 816, 819 (D.N.Y. 1957)(noting that the court's holding in <u>Grossman v. Young</u> is not limited to fraudulent concealment because "[c]oncealment . . . whether *intentional or inadvertent*, effectively prevents suit and demands the mitigating construction of the statute of limitations)(emphasis added); <u>Grossman v. Young</u>, 72 F. Supp. 375, 378 (D.N.Y. 1947)(explaining that under Section 16(b) an insider has an "absolute duty to make prompt and frequent reports of the activities that may give rise to . . . an action" for short-swing trading); <u>but</u> <u>see</u> <u>Donoghue v. Am. Skiing Co.</u>, 155 F. Supp. 2d 70, 74-75 (S.D.N.Y. 2001)(holding that Fed. R. Civ. P. 9(b) applies to equitable tolling of Section 16 claims and requiring that fraudulent concealment be pled with particularity).  Because I find these cases persuasive, I agree that Tyco's equitable tolling argument is not subject to the requirements of Rule 9(b).  Accordingly, no more than a "short plain and statement" of the

argument is required here.  See Fed. R. Civ. P. 8(a).

Second, reading the Amended Complaint generously, as I must on a motion to dismiss, I conclude that Tyco has sufficiently alleged that it lacked adequate notice of defendants' wrongful conduct to support an equitable tolling claim.  As the Second Circuit recently explained, because the "prophylaxis of Section 16 works by imposing an 'absolute duty' of disclosure" upon insiders, that "mechanism would be impaired if the tolling triggered by non-compliance was ended or defeated by mere inquiry notice."  Litzler v. CC Invs., L.D.C., 362 F.3d 203, 208 (2d Cir. 2004); see also Whittaker v. Whittaker Corp., 639 F.2d 516, 528 (9th Cir. 1981)(explaining that "[o]nly by full compliance with Section 16(a) can the security holders be charged with adequate notice of the transaction")(internal citations omitted).  Because inquiry notice is insufficient to defeat an equitable tolling claim in this context, Tyco's allegation that it first learned of the defendants' improper short-swing profits in September 2002 is sufficient to support its equitable tolling argument.

Defendants respond by arguing that Tyco cannot claim equitable tolling because defendants filed Form 4s for each of

the challenged transactions. In support of this proposition, defendants cite to Tristar Corp. v. Freitas, 84 F.3d 550 (2d Cir. 1996). In Tristar, the Second Circuit indicated that where the requirements of Section 16(a) are met, a plaintiff is able to "determine easily and quickly whether any statutory insider has profited from a short-swing transaction." Id. at 553. Defendants also cite to Donoghue, in which the court concluded that because the Form 4 filed with the SEC in that case set forth the relevant names, dates of the transactions, number of shares bought and sold, and the price per share, plaintiffs had all of the information they needed to bring a Section 16(b) claim. 155 F. Supp. 2d at 75-76. Defendants thus argue that precedent in this area suggests that courts have adopted a bright line test regarding the notice provided by Form 4 and the applicability of equitable tolling. I reject this argument. Tyco charges that the Form 4s filed by the defendants were materially incomplete or incorrect. Whether equitable tolling is warranted under these circumstances requires further development of the facts and therefore may best be resolved on summary judgment once discovery has closed.

## IV.   CONCLUSION

Because I conclude that the Amended Complaint adequately alleges facts showing the potential applicability of equitable tolling, I deny defendants' motion to dismiss.  (Doc. No. 204).

SO ORDERED.


_____
Paul Barbadoro
United States District Judge


April 21, 2005

cc: Counsel of Record