UNION OYSTER HOUSE INC. & others *vs.* HI HO OYSTER HOUSE, INC.

Suffolk.    December 8, 1943. — June 26, 1944.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, RONAN, WILKINS, & SPALDING, JJ.

*Name.   Corporation,* Name.    *Unlawful Interference.    Words,* "Oyster house."

No one can altogether appropriate to himself any part of the English language, and when, through accustomed use in association with a person or his product and by common understanding in the market, words forming part of the language have come to mean, if used alone, him or his product, a competitor may nevertheless use them, if he accompanies their use with something which will adequately show that the first person or his product is not meant.    Per QUA, J.

Evidence, in a suit in equity by corporations affiliated through common ownership of stock and common management, each making use of the words "Union Oyster House" as part of its name in carrying on its business, to enjoin a corporation named "Hi Ho Oyster House, Inc.," from use of its name or any name containing the words "oyster house," did not warrant a finding that the words "oyster house" had acquired a secondary meaning referring to the plaintiffs' restaurants or any of them, and the suit properly was dismissed so far as based on the alleged existence of such secondary meaning.

Corporations using the words "Union Oyster House" in their corporate names were not entitled to relief under G. L. (Ter. Ed.) c. 155, § 9, against a corporation called "Hi Ho Oyster House, Inc."

BILL IN EQUITY, filed in the Superior Court on June 2, 1943.

The suit was heard in the Superior Court by *Warner,* J.

In this court the case was argued at the bar in December, 1943, before *Field,* C.J., *Donahue, Lummus, Qua,* & *Cox,* JJ., and after the retirement of *Donahue* & *Cox,* JJ., was submitted on briefs to *Dolan, Ronan, Wilkins,* & *Spalding,* JJ.

*A. V. Harper,* for the plaintiffs.

*W. Kopans,* for the defendant.

QUA, J.    The three plaintiffs are separate corporations named respectively Union Oyster House Inc., Union Oyster House Company, and Union Oyster House Corporation. They are affiliated through common ownership of stock and·

common management. Each operates a separate restaurant or oyster house of its own in Boston, that of the first plaintiff being on Union Street and that of the second plaintiff being at 143 Stuart Street. Each makes use of the words "Union Oyster House" as part of its name, in carrying on its business, and in signs upon its restaurant. The second and third plaintiffs claim the right to use those words by derivation from the first plaintiff. The defendant operates a restaurant or oyster house at 460–464 Stuart Street under the name of "Hi Ho Oyster House." It began the use of this name after the three plaintiffs had used the name "Union Oyster House," and with respect to the first two plaintiffs, many years after. The common contention of the three plaintiffs is that by reason of prior use they have acquired as against the defendant the exclusive right to the words oyster house and that they can have the defendant enjoined from using its present name or any name containing the words oyster house.

The evidence is reported. The judge made full and complete findings of fact and dismissed the bill.

The main issue in this case can be decided by the application of principles recognized over forty years ago by this court, speaking through Mr. Justice Holmes, in *American Waltham Watch Co.* v. *United States Watch Co.* 173 Mass. 85, and applied in subsequent cases. *Viano* v. *Baccigalupo,* 183 Mass. 160. *Cohen* v. *Nagle,* 190 Mass. 4. *George G. Fox Co.* v. *Glynn,* 191 Mass. 344. *Giragosian* v. *Chutjian,* 194 Mass. 504. *C. A. Briggs Co.* v. *National Wafer Co.* 215 Mass. 100. *Tent, Inc.* v. *Burnham,* 269 Mass. 211. *Jenney Manuf. Co.* v. *Leader Filling Stations Corp.* 291 Mass. 394. *Jackman* v. *Calvert-Distillers Corp. of Massachusetts,* 306 Mass. 423. *Herring–Hall–Marvin Safe Co.* v. *Hall's Safe Co.* 208 U. S. 554, 559. One way of stating these principles is that no one can altogether appropriate to himself any part of the English language, and that when, through accustomed use in association with a person or his product and by common understanding in the market, words forming part of the language have come to mean, if used alone, him or his product, a competitor may nevertheless use them, if he accompanies

their use with something which will adequately show that the first person or his product is not meant. For an earlier statement of the doctrine by the House of Lords, see *Reddaway* v. *Banham*, [1896] A. C. 199, and see *Federal Trade Commission* v. *Royal Milling Co.* 288 U. S. 212, 217.

Under this rule the plaintiff cannot prevail. Not only are the words oyster and house in common use in English speech, but the words oyster house in combination have in recent years obtained dictionary recognition as meaning a restaurant in which the serving of oysters is featured. There was some evidence that the three restaurants of the three respective plaintiffs were each commonly called "the oyster house," but it is not easy to prove that in a place like Boston such words as oyster house had acquired a secondary meaning so generally understood among possible patrons that whenever the words were spoken substantial numbers would think they were a name for one or more of the plaintiffs' restaurants, especially since none of the plaintiffs had ever in a true sense done business under the name and sign of "Oyster House" or "The Oyster House," but all of the plaintiffs had always done business as "Union Oyster House." The attempt to prove this is too much like asking the court to find that where a business has been carried on for a term of years as "Union Grocery," the word grocery, taken alone, has lost its common and general signification in the community and has come to mean "Union Grocery" only.

We doubt that the judge intended to make any finding that the words oyster house had acquired a secondary meaning designating the plaintiffs' establishments or any one of them. The nearest approach to such a finding is this, "Though I cannot find, upon the evidence, whether or not, during such ten years prior to 1923 or during the years 1923–1930, there was not any other restaurant with the words 'Oyster House' in its name and sign, in Union Street or in any other street in Boston, I infer and find, from the mere circumstance that the restaurant bore the words 'Oyster House' for seventeen years continuously at such location, that the words 'The Oyster House' without the adjective

'Union,' used by any of the public desiring to describe the particular Union Street restaurant during such years, designated such restaurant." But this is to be read in connection with the further finding that "the word 'Union,' in the words, 'Union Oyster House,' in the restaurant sign and business name of each plaintiff is not a word of such legal insignificance as to enable such exclusive use of the words 'Oyster House,' by each plaintiff, in such sign and name, that the defendant, legally, may not use such words in the words 'Hi Ho Oyster House,' in its sign and business name." But if the finding first above quoted was intended as a finding that the words oyster house had acquired a secondary meaning, the finding cannot stand, since it is expressly based upon "the mere circumstance" that the first named plaintiff's restaurant bore the words "Oyster House" for seventeen years continuously at the same location, a circumstance which, taken alone, ought not in our opinion to lead to the inference that the words oyster house, instead of meaning a certain kind of restaurant, had come to mean the plaintiffs' restaurants or any one of them. Nor do we think that a finding to that effect ought to be made from any evidence in the case.

Since the plaintiffs have failed to show that the words oyster house have acquired a secondary meaning, so that when used alone and without qualification they mean the plaintiffs' establishments or any one of them, we need not discuss at length the second hurdle which under the principles of *American Waltham Watch Co.* v. *United States Watch Co.* 173 Mass. 85, the plaintiffs would have to surmount if they had surmounted the first one, that is, to show that the defendant had not, by the use of the qualifying expression "Hi Ho" in equal prominence with "Oyster House" and in the place of "Union," so distinguished its restaurant from those of the plaintiffs that a reasonably intelligent and careful person would not be misled. This difficulty seems to have impressed the trial judge, as it does us, but we do not decide the point.

Since, as shown above, the defendant has as full and complete right as any of the plaintiffs to describe itself to the

public as an oyster house, there is nothing in its use of the name "Hi Ho Oyster House, Inc." that infringes upon the rights of the plaintiffs. There is no similarity between "Hi Ho" and "Union," and the evidence falls far short of showing any deception in the arrangement of the defendant's place of business or signs or otherwise. Such instances of confusion as were proved were due to the presence of two oyster houses not far apart on the same street, a condition which the plaintiffs have no right to control.

If the bill can be considered as brought in part under G. L. (Ter. Ed.) c. 155, § 9, for reasons already stated there is no such similarity between the defendant's corporate name and the names of the plaintiffs that the former is "likely to be mistaken for" any of the latter. See *First National Stores Inc.* v. *First National Liquor Co.*, *ante*, 538, and cases cited.

*Decree affirmed with costs.*