KARL H. HEALER & another *vs.* BLOOMBERG BROS., INC.

Suffolk.    December 5, 1946. — June 25, 1947.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & RONAN, JJ.

*Unlawful Interference.    Unfair Competition.    Trade Name.*

In a suit in equity by a firm, long engaged on Park Street in Boston in the retail business of manufacturing, selling and repairing timepieces, silverware, jewelry and the like under a firm name which included the word Bond, to restrain a corporation recently engaged in a similar business in Chelsea from using that word in its business name, a decree for the plaintiff was proper on findings supported by reported evidence that the word Bond had come to have a secondary meaning as indicating the business and products of the plaintiffs, that its use by the defendant was "to secure some advantage" therefrom, that there was competition between the parties, that the defendant had advertised its business throughout the greater Boston area, which advertising reached customers of the plaintiffs, and that confusion, both in the trade and among the customers of the plaintiffs, had resulted and would result from the similarity in names.

BILL IN EQUITY, filed in the Superior Court on March 29, 1946.

The case was heard by *Morton*, J.

*S. B. Stein*, (*H. J. Stein* with him,) for the defendant.

*F. L. Simpson*, for the plaintiffs.

LUMMUS, J.  The plaintiffs, partners under the firm name of William Bond & Son in the retail business of manufacturing, selling and repairing timepieces, silverware, jewelry and the like on Park Street in Boston, being the

successors to the old firm of William Bond & Son which was founded in 1793, bring this bill in equity against the defendant corporation which, since December, 1945, has been doing a similar retail business in Chelsea under the name of "Bond Jewelers," to restrain it from using that name or any other containing the word "Bond."

From a final decree granting the plaintiffs an injunction, the defendant appealed. The case comes here on a report of material facts and a report of the evidence. The judge justifiably found that the word "Bond" has come to have a secondary meaning as indicating the business and products of the plaintiffs. *Jays Inc.* v. *Purcell,* 313 Mass. 127. The president of the defendant corporation testified that he chose the word "Bond" as expressive of the defendant's business because he wished a patriotic name, and "Bond" suggested a Victory bond. But the judge justifiably found, on the contrary, that "the use by the defendant of the name 'Bond' in connection with the jewelry business was to secure some advantage from the use of that name so well established in the jewelry trade."

In *Summerfield Co. of Boston* v. *Prime Furniture Co.* 242 Mass. 149, 155, Rugg, C.J., said, "The underlying principle, which is the foundation of equitable relief in this class of cases, is that one trader shall not compete with another for public patronage by adopting intentionally means adapted to deceive the public into thinking that it is trading with the latter when in fact dealing with the former, and thus palming off his goods as those of another. The relief is based on the existence of an acquired reputation and good will in connection with business recognized as a property right which will be protected against unfair methods of competition by rivals. The defendant has equal right with the plaintiff to solicit the patronage of the public. But it has no right intentionally to mislead the public to the harm of the plaintiff even in competition."

This case does not require us to consider how far, if at all, competition between the parties need be shown. See *265 Tremont Street, Inc.* v. *Hamilburg, ante,* 353; note, 148 Am. L. R. 12. And see St. 1947, c. 307, inserting § 7A

in G. L. c. 110. In the present case sufficient competition could be found. Both parties had their places of business within the district of which Boston is the shopping center. The judge found that the defendant has advertised its business throughout the greater Boston area, which advertising reached customers of the plaintiffs. He found that confusion, both in the trade and among the customers of the plaintiffs, has resulted and will result from the similarity in names. Persons of average intelligence could well be found likely to confuse the parties. *First National Stores Inc.* v. *First National Liquor Co.* 316 Mass. 538.

No error in the exclusion of evidence appears. In our opinion there was no error in the final decree granting an injunction.

*Decree affirmed with costs.*