CLIFFORD O. MANN *vs.* PARKWAY MOTOR SALES, INC.

Suffolk. November 5, 1948. — April 6, 1949.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Unlawful Interference. Unfair Competition. Trade Name.*

One carrying on a business on Revere Beach Parkway in Revere under the name "Parkway Garage" must prove that the word "Parkway," a word in common usage, had acquired a secondary meaning as designating his place of business in order to maintain a suit in equity to enjoin a subsequently established proprietor competing within an eighth of a mile from carrying on business under any name containing the word "Parkway."

A decree dismissing the bill in a suit in equity, by one doing business in the sale, repair and servicing of automobiles on Revere Beach Parkway in Revere under the name "Parkway Garage" to enjoin a subse-

quently established proprietor competing within an eighth of a mile from carrying on business under any name containing the word "Parkway," was affirmed where the evidence was not reported and the trial judge made a finding, which he stated was made "upon all the evidence" and which was consistent with his subsidiary findings, that "Parkway," a word in common usage, had not acquired a secondary meaning as designating the plaintiff's place of business; the plaintiff's rights were not enlarged by G. L. (Ter. Ed.) c. 110, § 7A, inserted by St. 1947, c. 307.

BILL IN EQUITY, filed in the Superior Court on August 28, 1947.

The suit was heard by *Murray*, J.

*W. Hadgi*, for the plaintiff.

*J. S. Graham*, (*W. J. Cusick* with him,) for the defendant.

WILKINS, J.  The plaintiff, under the name of Parkway Garage, is engaged in the business of repairing, servicing, and selling automobiles at a garage and showroom at 725–729 Revere Beach Parkway, Revere.  The defendant is engaged in a similar business at 600 Revere Beach Parkway, Revere, within an eighth of a mile of the plaintiff's place of business.  This is a bill in equity to enjoin the defendant from carrying on business under any name containing the word "Parkway," and for damages and other relief. From a final decree dismissing the bill, the plaintiff appeals.

The Revere Beach Parkway, commonly known as the "Parkway" in Revere, is a well travelled broad highway running through Revere and adjoining municipalities. Since 1917 the plaintiff has conducted business under his own name and under the name of "Parkway Garage," and a sign bearing the latter name has since that date been attached to the building used by him.  In 1932 there were added the names "De Soto Plymouth," two makes of automobiles for which the plaintiff is an authorized dealer. Since prior to 1932 the plaintiff has enjoyed in Revere a valuable business reputation for fair dealing in the business of servicing and repairing automobiles and as a skilled mechanic in the repair of automobiles, and since 1932 in the sale and service of the two makes of automobiles.  Most of the plaintiff's customers reside, and most of his business has

been transacted with persons who reside, in Revere and vicinity. This valuable business reputation "in that area" is identified in the minds of "many of his customers and others" with his own individual name, but "in the minds of other persons in the same area" his place of business and valuable business reputation are known and identified under the name "Parkway Garage."

In September, 1946, the defendant commenced the construction of a building to contain a salesroom, gasoline station, and garage for the repair and servicing of automobiles. During the construction the defendant maintained near the building a sign bearing the legend "New Home of Parkway Motor Sales, Inc. Your new Dodge Plymouth Dealer." The defendant was incorporated in this Commonwealth in June, 1946. Prior to March, 1947, it had never been engaged in business in Revere or elsewhere, but since that date it has engaged in business as a dealer and in servicing and repairing automobiles. It has sent advertising matter to about one thousand persons in Revere and vicinity, including at least one customer of the plaintiff, and has advertised in newspapers.

Although the defendant knew prior to engaging in business that the plaintiff was conducting his business under the name "Parkway Garage," it did not knowingly mail advertising matter to the plaintiff's customers or intend by its advertising or method of doing business to lead the plaintiff's customers or the public generally to believe that the business of the defendant was the business of the plaintiff, or thus intend to appropriate the plaintiff's business or to trade upon the name and reputation of the plaintiff. The instances of confusion occurring in the misdelivery to the plaintiff of packages and invoices intended for the defendant and in the misdirection to the plaintiff of telephone calls intended for the defendant were due to errors arising from the fact that both parties were engaged in the automobile business in locations not far apart on the Revere Beach Parkway, each using the word "Parkway" in the names under which the businesses were conducted.

. There is no similarity in appearance in the respective buildings, the arrangement of the approaches, or in the manner or method of display of signs. There is no similarity in the words used in any signs except "Plymouth" and "Parkway." The appearance and general arrangement of the defendant's building and surroundings and its method of doing business are so distinguished from those of the plaintiff and his place of business that a reasonably careful and intelligent person would not be misled into believing that the defendant's place of business was that of the plaintiff.

The parties are competitors for the sale of Plymouth automobiles and for the servicing and repairing of motor vehicles in Revere and adjoining municipalities. Neither sells any product on which the word "Parkway" is marked or provides any service designated by that word. The word "Parkway" is in common use in English speech. In its primary meaning it denotes a broad highway improved or beautified with trees or shrubs and grass plots. It is common knowledge that there have been for many years several parkways in Metropolitan Boston. Along the Revere Beach Parkway there are other establishments engaged in the servicing, repairing, or sale of motor vehicles and using the word "Parkway" in the business name. In other cities and towns in Metropolitan Boston there are establishments using that word in the conduct of the automobile business and other businesses. The plaintiff was the first user of the word "Parkway" in connection with the automobile service business on the Revere Beach Parkway in Revere. "Upon all the evidence," however, the word "Parkway" had not acquired a secondary meaning as designating the plaintiff's place of business.

The foregoing facts appear in a report by the judge of the material facts found by him, which, although apparently voluntary, is the equivalent of a report under the statute. G. L. (Ter. Ed.) c. 214, § 23, as appearing in St. 1947, c. 365, § 2. The evidence is not reported. Consequently, the facts reported must stand except to the extent that they

are inferences from subsidiary findings or are inconsistent with each other or the pleadings. *Wiley* v. *Fuller,* 310 Mass. 597, 599. *Turner* v. *Morson,* 316 Mass. 678, 681. *Carilli Construction Co.* v. *John Basile & Co. Inc.* 317 Mass. 726, 727.

The finding that "Parkway," a word in common usage, had not acquired a secondary meaning as designating the plaintiff's place of business was made upon "all the evidence," and cannot be treated as an inference from the other facts found. *Colby* v. *Callahan,* 311 Mass. 727. *Norton* v. *Chioda,* 317 Mass. 446, 450. The existence of such a secondary meaning was an issue directly raised in the pleadings. It is a necessary part of the plaintiff's case. Ordinarily no exclusive right can be had in such a word. *Tent, Inc.* v. *Burnham,* 269 Mass. 211, 213. *Economy Food Products Co.* v. *Economy Grocery Stores Corp.* 281 Mass. 57, 63. *China Clipper Restaurant, Inc.* v. *Yue Joe,* 312 Mass. 540, 543. *First National Stores Inc.* v. *First National Liquor Co.* 316 Mass. 538. *Union Oyster House Inc.* v. *Hi Ho Oyster House, Inc.* 316 Mass. 543. The plaintiff, however, in substance contends that the finding that there was no such secondary meaning is inconsistent with other findings and the proper inference from other findings (*Distasio* v. *Surrette Storage Battery Co.* 316 Mass. 133, 135). It is argued that the defendant knowingly "appropriated the essential features of the plaintiff's trade name"; that the plaintiff had used the name "Parkway Garage" since 1917 and was the first user of the word "Parkway" in the automobile service business on the Revere Beach Parkway; and that in the minds of "some persons" in the same area as the plaintiff's place of business his valuable business reputation is known and identified under the name of "Parkway Garage." The precise findings on the last point are that the plaintiff's valuable reputation in Revere and vicinity is identified in the minds of "many of his customers and others" with his own individual name and "in the minds of other persons in the same area" with "Parkway Garage." These fall short of findings

permitting an inference that the words had acquired a secondary meaning as applied to the plaintiff's place of business. It does not appear how many "other persons" there are, much less that they are a substantial number of those members of the public who would be interested in patronizing the plaintiff. See Nims, Law of Unfair Competition & Trademarks (4th ed.), 1038. It is entirely consistent with the findings that these "other persons" are very few. The judge surely has not found any facts indicating that "Parkway Garage" is "a name by which the plaintiff is generally known to the public." See *Staples Coal Co.* v. *City Fuel Co.* 316 Mass. 503, 508. Indeed, the most cogent finding in this respect is that there are, in addition to those of the plaintiff and the defendant, other establishments in the same line of business along the Revere Beach Parkway using the word "Parkway" in the business name. That the plaintiff was the first in the field cannot avail him in the circumstances. Any presumption arising from this fact (*New England Awl & Needle Co.* v. *Marlborough Awl & Needle Co.* 168 Mass. 154, 156) has disappeared with the findings.

Whatever may be thought of the conduct of the defendant, we cannot in the absence of a report of the evidence overturn the judge's findings. This is true not only of the decisive finding as to the absence of a secondary meaning of the word "Parkway," but of other findings which that finding renders immaterial. Among these are the finding that a careful and intelligent person would not be misled into believing that the defendant's place of business was that of the plaintiff, and the effect to be given to the instances of confusion in the delivery of packages and invoices, and the misdirection of telephone calls (*Silbert* v. *Kerstein*, 318 Mass. 476, 478–479).

Cases such as *Blair's Foodland Inc.* v. *Shuman's Foodland, Inc.* 311 Mass. 172, *S. M. Spencer Mfg. Co.* v. *Spencer*, 319 Mass. 331, and *Healer* v. *Bloomberg Bros. Inc.* 321 Mass. 476, where it was found that a name had acquired a secondary meaning, are distinguishable.

The word "Parkway" having acquired no secondary meaning as designating the plaintiff's place of business, his rights are not enlarged by G. L. (Ter. Ed.) c. 110, § 7A, inserted by St. 1947, c. 307.

*Decree affirmed.*