Massachusetts Mutual Life Ins. Co. *v.* Massachusetts Life Ins. Co.

MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY *vs.*
MASSACHUSETTS LIFE INSURANCE COMPANY.

Suffolk.    May 5, 1966. — July 1, 1966.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & REARDON, JJ.

*Corporation,* Name. *Insurance,* Corporate name, Commissioner of insurance. *Secretary of the Commonwealth. Name. Equity Jurisdiction,* Corporate name. *Unfair Competition.*

Under G. L. c. 155, § 9, both before and after its amendment by St. 1963, c. 59, and G. L. c. 175, § 49, the name proposed for an insurance company was subject to the approval of the Commissioner of Insurance and then that of the Secretary of the Commonwealth. [288]

A hearing on a protest of a name assumed by an insurance company and approved by both the Secretary of the Commonwealth and the Commissioner of Insurance under G. L. c. 155, § 9, and G. L. c. 175, § 49, must be held by the Secretary in accordance with the procedures established in c. 155, § 9, not by the Commissioner. [288–289]

Where a hearing held by the Commissioner of Insurance on a protest of his approval of the name assumed by an insurance company was a nullity because he had no statutory authority to hold such hearing and his decision reaffirming his prior approval was void, the party protesting lost no rights in failing, under G. L. c. 30A, to seek judicial review of the Commissioner's decision. [289]

In the circumstances, an insurance company which had conducted business under a certain corporate name for many years was entitled to challenge in a suit in equity under G. L. c. 155, § 9, approvals by the Commissioner of Insurance and the Secretary of the Commonwealth of the name assumed by a recently organized insurance company against which protests had been made to the Commissioner and the Secretary but upon which no valid administrative hearing had been held. [289–290]

An insurance company, which had conducted business under a certain corporate name for many years and which was entitled to seek in a suit in equity under G. L. c. 155, § 9, to enjoin a recently organized corporation from doing business under a similar corporate name, was also entitled to seek injunctive relief under c. 110, § 7A, providing for relief against "injury to business reputation" of the plaintiff or "dilution of the distinctive quality" of its trade name [290–291]; and, in addition to the two statutory remedies, the plaintiff was entitled to seek a common law remedy under general equitable principles [291].

BILL IN EQUITY filed in the Superior Court on February 17, 1964.

The case was reported by *Rose*, J.

*Edward J. Duggan* (*Daniel J. Johnedis* with him) for the plaintiff.

*Robert M. Morrison* (*Alan H. Robbins* with him) for the defendant.

REARDON, J. In this suit in equity the plaintiff, Massachusetts Mutual Life Insurance Company, sought to enjoin the defendant from doing business under the name "Massachusetts Life Insurance Company." A demurrer to the bill was overruled. The plaintiff prayed for relief (1) on common law equitable principles, (2) under the provisions of G. L. c. 110, § 7A (which deals with injunctive relief in certain cases of trademark infringement or unfair competition), and (3) under the provisions of G. L. c. 155, § 9 (see footnote No. 1). The evidence was agreed.

The plaintiff has been conducting business under its name since 1851. On August 15, 1963, the defendant filed its articles of organization with the Secretary of the Commonwealth (the Secretary). That same day the Commissioner of Insurance (the Commissioner) considered objections to the defendant's choice of name (made by the Massachusetts Hospital Life Insurance Company) and approved the defendant's name. The plaintiff never assented in any way to the assumption of the name by the defendant and, on September 12, 1963, filed with the Secretary a protest regarding the name, sending a carbon copy to the Commissioner. On September 18, 1963, the Director of the Corporation Division of the office of the Secretary asserted that the Secretary's office had no jurisdiction to act on the protest and suggested instead a hearing with the Commissioner. On September 23, 1963, the Commissioner offered to entertain the protest and hold a hearing. The plaintiff, on October 2, 1963, sent a letter to the Commissioner denying that he had authority to consider the protest or hold the hearing "but expressed its gratitude for the opportunity offered for a hearing and its hope that such a hearing might resolve the matter." The hearing before the Commissioner was held on October 30, 1963. At that and all sub-

351 Mass. 283                                                      285

Massachusetts Mutual Life Ins. Co. *v.* Massachusetts Life Ins. Co.

sequent times, the plaintiff "denied that either considera-
tion of its protest by the Commissioner or the granting of
a hearing by him was required by any provision of the Gen-
eral Laws of the Commonwealth or that G. L. c. 30A [the
State Administrative Procedure Act] applied to the hear-
ing." In his decision the Commissioner found the defend-
ant's name to be "proper" and reaffirmed his prior ap-
proval. The plaintiff did not seek judicial review of the
decision. On February 11, 1964, the plaintiff brought this
suit.

The defendant in an answer and counterclaim alleged
that the plaintiff in appearing before the Commissioner had
elected to seek administrative relief and in failing to seek
judicial review of the resulting administrative decision had
thus lost its right to attack collaterally on any grounds the
defendant's use of the name. In a memorandum of law,
order for decree, and interlocutory decree the trial judge
ruled that the Commissioner was the proper party to hear
and pass upon the plaintiff's protest of the defendant's
name, and that the hearing "was an adjudicatory proceed-
ing within the confines of Chapter 30A, Sect. 1 (1)." He
ruled further that the plaintiff had failed to seek a timely
review and that the doctrine of exhaustion of administra-
tive remedy applied, resulting in a lack of jurisdiction in
the Superior Court to entertain the plaintiff's claim for
relief under G. L. c. 155, § 9. The judge also ruled that the
plaintiff might be entitled to independent relief based on
unfair competition and general equitable principles and
that the plaintiff might seek relief on those grounds. The
case was reported to us by the trial judge on the interlocu-
tory decree.

1. The requirements regarding the assumption of a
name by a new corporation are set out in G. L. c. 155, § 9.[1]

---

[1] General Laws c. 155, § 9 (as amended through St. 1964, c. 484, § 1),
reads: "A corporation organized under the general laws may assume any
name which, in the judgment of the secretary, indicates that it is a corpora-
tion; but it shall not assume the name or trade name of another corporation
established under the laws of the commonwealth, or of a corporation, firm,
association or person carrying on business in the commonwealth, at the time

286                 351 Mass. 283

Massachusetts Mutual Life Ins. Co. *v.* Massachusetts Life Ins. Co.

(a) The first question which we consider involves the identity of the authorities which are to be charged with passing upon a name proposed by an applicant insurance company for itself. General Laws c. 155, § 9, conveys broad power to the Secretary regarding approval of corporate names. It is argued by the defendant that, since the proviso of that section which requires prior written approval by the Commissioner of a name of a corporation "formed for the purpose of acting as an insurance agent, insurance broker, or adjuster of fire losses" fails to specifically include "insurance companies," they are thereby excluded from the control of the Secretary with regard to approval of their names. But, as the plaintiff points out, when the amendment to G. L. c. 155, § 9 (St. 1963, c. 59),[2] was en-

of incorporation or change of name of the corporation assuming any such name or within three years prior thereto, or assume a name so similar thereto or a name which is under reservation for another or proposed corporation under the laws of the commonwealth as to be likely to be mistaken for it, except with the written consent of the said existing corporation, firm or association or of such person previously filed with the secretary; provided, however, that the name of any corporation formed for the purpose of acting as an insurance agent, insurance broker, or adjuster of fire losses shall be subject to the prior written approval of the commissioner of insurance. The supreme judicial or superior court shall have jurisdiction in equity, upon the application of any person interested or affected, to enjoin such corporation from doing business under a name assumed in violation of any provision of this section, although articles of organization or articles of amendment may have been approved and filed and a certificate of incorporation issued.

"If within thirty days of the date when the certificate or articles of organization of any corporation are filed in the office of the state secretary any corporation or person in whose name a corporate name is under reservation, or any other corporation established under the laws of the commonwealth, or a corporation, firm, association or person carrying on business in the commonwealth at the time when such certificate or articles are so filed, or within three years prior thereto, shall protest in writing to the secretary that the name under reservation, or the name assumed by the corporation the certificate or articles of organization of which have been so filed is the same as the name or trade name of the party protesting or so similar thereto as to be likely to be mistaken for it, the secretary shall, as soon as reasonably may be, hear the party protesting and the corporation which assumed the name, giving written notice of the hearing to each. If after the hearing the secretary shall be of the opinion that the assuming of the name violates any provision of this section he shall record a statement withdrawing his approval of said certificate or articles in so far as it or they relate to the name assumed by the corporation, such withdrawal to take effect sixty days from the date of recording. After the expiration of said period of sixty days the corporation shall have no right to use the name assumed and may be enjoined from doing business under such name by the supreme judicial or superior court upon application of the attorney general or any person interested or affected."

² Chapter 59 reads: "The first paragraph of section 9 of chapter 155 of the General Laws, as appearing in section 9 of chapter 750 of the acts of 1962, is hereby amended by inserting after the word 'secretary', in line 11,

351 Mass. 283                                      287

Massachusetts Mutual Life Ins. Co. *v.* Massachusetts Life Ins. Co.

acted the names of insurance companies were already subject to the Commissioner's prior written approval under G. L. c. 175, § 49, as it then read and now reads.[3]   Corporations doing the business of agents, brokers and adjusters were not formed under G. L. c. 175, § 49, and the effect of the proviso added to c. 155, § 9, was simply to establish the requirement of approval of their names by both the Commissioner and the Secretary, as was already required for insurance companies.   It is our view that but for this additional review by the Commissioner the procedures for the approval of a corporate name are the same for all types of insurance companies as for any other corporation.

General Laws c. 175, § 49, dealing with the formation of insurance companies, wholly incorporates the provisions of c. 155, § 9, "except as otherwise expressly provided in this chapter."   Chapter 175, § 49, reaffirms establishment in

---

the words: — ; provided, however, that the name of any corporation formed for the purpose of acting as an insurance agent, insurance broker, or adjuster of fire losses shall be subject to the prior written approval of the commissioner of insurance.''

[3] General Laws c. 175, § 49 (as amended through St. 1963, c. 848, § 7), reads: ''The company shall be formed in the manner described in and be subject to section nine of chapter one hundred and fifty-five, and sections six, eight to twelve, inclusive, and fourteen of chapter one hundred and fifty-six, except as otherwise expressly provided in this chapter.

''The name of the corporation shall be subject to approval by the commissioner and shall contain the word 'insurance' or 'assurance' or, if organized on the mutual plan, the words 'mutual insurance' or 'mutual assurance' or, if organized under the fifteenth clause of section forty-seven, the word 'reinsurance', and, if organized under the sixteenth clause of said section forty-seven or under the sixth and sixteenth clauses thereof, the word 'life' or if organized under the eighteenth clause of said section forty-seven the words 'variable annuity.'. . .

''The president, secretary and a majority of the directors shall execute and make oath to the articles of organization specified in section ten of said chapter one hundred and fifty-six, which shall, with the records and by-laws of the company, be submitted to the commissioner instead of to the commissioner of corporations and taxation, and he shall have the powers and perform the duties relative thereto specified in section eleven of said chapter one hundred and fifty-six; provided, that the commissioner shall not approve the articles of organization of a company formed to transact business under any of the clauses of section forty-seven until he is satisfied, by such examination as he may make and such evidence as he may require, that the incorporators are of good repute and intend in good faith to operate the company. He shall execute a certificate of his findings, in such form as he may prescribe, which shall be attached to the articles of organization prior to the filing thereof with the state secretary.

. ''The certificate issued by the state secretary under section twelve of said chapter one hundred and fifty-six shall be modified to conform to the requirements of this section. . . .''

288                                         351 Mass. 283

Massachusetts Mutual Life Ins. Co. *v.* Massachusetts Life Ins. Co.

c. 155, § 9, of the requirement of approval of the insurance companies' names by the Secretary. The trial judge interpreted "the interplay" of these two statutes as follows: "It would appear . . . that the legislature intended that insurance companies are 'to be removed from the category of other corporations specifically as far as control of the name is concerned.' An interpretation other than that which substitutes the Commissioner for the Secretary throughout the provisions of Sect. 9 . . . would result in a most unusual division of authority." We cannot agree with this construction of the two statutes.

The express legislative language necessary to permit such a construction is absent from G. L. c. 175, § 49. *Elmer* v. *Commissioner of Ins.* 304 Mass. 194, 197. See *Rizzuto* v. *Onset Cafe, Inc.* 330 Mass. 595, 597–598. That the Legislature has provided in G. L. c. 175, § 49, for the approval of the Commissioner as one of the requirements in the formation of an insurance company should not be construed as an ouster of the Secretary from his function of approving corporate names under c. 155, § 9. General Laws c. 175, § 49, indeed itself lends strength to this interpretation. The net effect is thus to require, in the case of the names of insurance companies, written approval of the Commissioner prior to, and as well as, the approval of the Secretary. That the Secretary retains statutory control of the proceedings is further indicated in the provision of G. L. c. 175, § 49, which calls upon the Commissioner to execute a certificate of his findings on articles of organization submitted to him and to attach it to those articles prior to their filing with the Secretary.

(b) The second question confronting us relates to the identity of the official charged with holding a hearing upon the protest of a name approved by both the Secretary and the Commissioner. Under G. L. c. 155, § 9, there is a detailed procedure available for the challenging of an approved name. The hearing there described is to be before the Secretary and "within thirty days of the date when the certificate or articles of organization of *any* corporation are

351 Mass. 283                                                          289

Massachusetts Mutual Life Ins. Co. *v.* Massachusetts Life Ins. Co.

filed . . ." (emphasis supplied). Our interpretation that G. L. c. 175, § 49, does not remove insurance companies from the requirements of G. L. c. 155, § 9, is consistent with this phrase.

The defendant does not deny that it is the province of the Secretary to hold this type of hearing for all other corporations. The issue involved in a hearing on an insurance company name will not be appreciably different from that for any other corporation. It will not require a skill peculiar to the Commissioner or lacking in the Secretary. We, therefore, see no practical reason to strain toward acceptance of the interpretation proposed by the defendant and adopted by the trial judge. Procedures are established for the hearing before the Secretary in the second paragraph of G. L. c. 155, § 9. It is unreasonable to assume that, with this provision at hand as a model, our Legislature would have wholly failed to make some careful and similar provision in G. L. c. 175 regarding the procedures for a hearing to be held before the Commissioner if, as the judge stated, the Legislature had in fact "intended that insurance companies . . . '. . . be removed from the category of other corporations specifically as far as control of the name is concerned.' " See *Elmer* v. *Commissioner of Ins.* 304 Mass. 194, 197. No "unusual division of authority" results from this interpretation. General Laws c. 155, § 9, intends that the Secretary have the responsibility for the conduct of all hearings involving corporate names.

(c) Thus the Secretary was in error in stating that he had no jurisdiction to hear the protest of the plaintiff. The hearing before the Commissioner was a nullity and the decision is void. Since that is so, the plaintiff lost no rights in failing, under G. L. c. 30A, to seek judicial review of the Commissioner's decision. We therefore do not consider the question of failure by the plaintiff to exhaust its administrative remedies.

2. Under G. L. c. 155, § 9, the Superior Court is explicitly given jurisdiction to enjoin a corporation "from doing business under a name assumed in violation of any

290 351 Mass. 283

Massachusetts Mutual Life Ins. Co. *v.* Massachusetts Life Ins. Co.

provision of this section, although articles of organization
. . . may have been approved and filed and a certificate of
incorporation issued.'' This jurisdiction exists in the in-
stant case. We are not presently concerned with the effect
on that jurisdiction of a challenge to the approval of a
name, a hearing before the Secretary, a failure to seek judi-
cial review of his adverse decision, and then a subsequent
proceeding in equity under G. L. c. 155, § 9.[4] Nor do we
pass on whether, in the instance of a hearing and timely
petition for review to the Superior Court, the proceeding
in the Superior Court would be de novo. See *First Natl.
Stores* v. *First Natl. Liquor Co.* 316 Mass. 538, 539; *Union
Oyster House, Inc.* v. *Hi Ho Oyster House, Inc.* 316 Mass.
543, 544; *Monroe Stationers & Printers, Inc.* v. *Munroe
Stationers, Inc.* 332 Mass. 278, 279. We hold only that in
this instance the plaintiff may properly proceed under G. L.
c. 155, § 9, to challenge in a de novo proceeding the Com-
missioner's and the Secretary's approvals of the defend-
ant's name.

3. The trial judge ruled that the plaintiff might proceed
to be heard upon those prayers for relief based upon gen-
eral equitable principles and G. L. c. 110, § 7A.

(a) The considerations involved in an application of G. L.
c. 155, § 9, are not identical with those involved in an appli-
cation of G. L. c. 110, § 7A. The Secretary, under c. 155,
§ 9, considers only the abstract likelihood or possibility of
one name being mistaken for another because of literal
similarity, and a court acting under the same statute can do
no more. Under G. L. c. 110, § 7A, however, whether or
not the names in the abstract appear so similar or likely to
be mistaken one for the other as to warrant an injunction
under G. L. c. 155, § 9, the court may still proceed to deter-
mine whether the location or the manner of the use of the,

---

[4] See *Second Church in Dorchester* v. *Boston,* 343 Mass. 477, 478–479; *Select-
men of Truro* v. *Outdoor Advertising Bd.* 346 Mass. 754, 758–759; *Goldman* v.
*Planning Bd. of Burlington,* 347 Mass. 320, 325–326 (where, unlike G. L.
c. 155, § 9, however, the statutes involved made no mention of a parallel
judicial remedy additional to the remedy provided through administrative
channels).

351 Mass. 283                                                    291

Massachusetts Mutual Life Ins. Co. *v.* Massachusetts Life Ins. Co.

name may result in "injury to business reputation or . . . dilution of the distinctive quality of a trade name" and grant an injunction. The proceedings under G. L. c. 110, § 7A, are more broadly based than those under G. L. c. 155, § 9. See *First Natl. Stores* v. *First Natl. Liquor Co.* 316 Mass. 538, 541, 542. See also *Union Oyster House, Inc.* v. *Hi Ho Oyster House, Inc.* 316 Mass. 543, 547; *Healer* v. *Bloomberg Bros. Inc.* 321 Mass. 476, 477–478; *Jays Inc.* v. *Jay-Originals Inc.* 321 Mass. 737, 738, 740; *Monroe Stationers & Printers, Inc.* v. *Munroe Stationers, Inc.* 332 Mass. 278, 281–282; *Food Fair Stores, Inc.* v. *Food Fair, Inc.* 177 F. 2d 177, 185 (1st Cir.). We hold that the plaintiff may proceed under both c. 155, § 9, and c. 110, § 7A.

(b) We now consider whether, in addition to the above two statutory remedies, the plaintiff still has a common law remedy under general equitable principles. We hold that it does. Chapter 110, § 7A (St. 1947, c. 307), is not the exclusive prescription of remedies for unfair competition.[5] Cases which have dealt with this section have not determined that it preëmpts the field of unfair competition. They have indicated rather that the section has widened and clarified one area of unfair competition and is to an extent a supplement to common law rights. *Healer* v. *Bloomberg Bros. Inc.* 321 Mass. 476, 477–478. *Jays Inc.* v. *Jay-Originals Inc.* 321 Mass. 737, 742. *New England Tel. & Tel. Co.* v. *National Merchandizing Corp.* 335 Mass. 658, 665–666. *Great Scott Food Mkt. Inc.* v. *Sunderland Wonder, Inc.* 348 Mass. 320, 323. Certain other cases need not be read as indicating that c. 110, § 7A, designates exclusive successors to all of the equitable grounds for relief against unfair competition. *Skil Corp.* v. *Barnet,* 337 Mass. 485, 488–491. *Esquire, Inc.* v. *Esquire Slipper Mfg. Co. Inc.*

---

[5] See Unfair Competition, Harry D. Nims (1947), § 1 (indicating that this is a constantly changing area of the law), and §§ 284–305 comprising chapter XIX which is entitled, "Miscellaneous Forms of Unfair Competition"; Restatement 2d: Torts (Tent. draft No. 8, April 22, 1963) §§ 731b and 732, regarding the doctrine of reasonably expectable expansion of business (noted in *Great Scott Food Mkt. Inc.* v. *Sunderland Wonder Inc.* 348 Mass. 320, 323). See also *Skil Corp.* v. *Barnet,* 337 Mass. 485, 488–489.

139 F. Supp. 228, 232–233 (D. Mass.). See *Food Fair Stores, Inc.* v. *Food Fair, Inc.* 177 F. 2d 177, 185 (1st Cir.); *Libby, McNeill & Libby* v. *Libby,* 103 F. Supp. 968, 970 (D. Mass.).

It is true, as was noted in *Skil Corp.* v. *Barnet,* 337 Mass. 485, 489, that the legislative history sheds little light upon the purpose of c. 110, § 7A. It is our view, however, that it is a statutory declaration and clarification of a portion of the extant common law of unfair competition but that it does not preclude the court's granting of consistent common law remedies to a plaintiff who seeks them.

4. The interlocutory decree is therefore to be modified so as to permit the plaintiff's suit under G. L. c. 155, § 9, to proceed, and as so modified is affirmed.

*So ordered.*