**William KAZMAIER, Plaintiff,**

v.

**John WOOTEN, Hill, Holliday, Connors, Cosmopulos, Inc., Ford Motor Company, and New England Ford Dealers Association, Defendants.**

**Civ. A. No. 84–1571–T.**

United States District Court,
D. Massachusetts.

Sept. 26, 1984.

---

James D. St. Clair, David H. Erichsen, Hale & Dorr, Boston, Mass., for Ford.

Anthony M. Feeherry, Marie Lefton, Goodwin, Procter & Hoar, Boston, Mass., for Hill, Holliday and New England Ford Dealers.

Paul R. Cacchiotti, Everett, Mass., for Wooten.

## MEMORANDUM

TAURO, District Judge.

The underlying dispute here is between two men, both of whom publicly claim to be the "World's Strongest Man." The plaintiff, William Kazmaier, asserts that he alone has the right to use that title.[1] The position of the defendant, John Wooten, is that Kazmaier may call himself "The World's Strongest Man," but that he has no exclusive right to that title.

Kazmaier seeks damages and injunctive relief as a result of Wooten's appearance in a television commercial paid for by the New England Ford Dealers Association ("NEFDA"). The commercial referred to Wooten as the "World's Strongest Man." Kazmaier has also sued NEFDA, the advertising agency that produced the commercial, and the Ford Motor Company.[2] Kazmaier's complaint and supporting papers allege that the defendants infringed on Kazmaier's valid trade name. He also charges the defendants with committing an unfair or deceptive trade act or practice under Massachusetts General Laws, Chapter 93A.

The defendants have moved for summary judgment on all counts. They are entitled to such relief only if the record, considered in a light most favorable to plaintiff, fails to disclose an issue of fact that is both "genuine" and "material." *Hahn v. Sargent*, 523 F.2d 461, 464 (1st Cir.1975). There is no material fact in dispute with respect to the threshold legal issue as to whether or not the title "The World's Strongest Man" is one subject to protection as a valid trade name. Kazmaier has not registered the name, the "World's Strongest Man," as a federal trademark or as a state trade name anywhere in the country.[3] The validity of Kazmaier's claim, therefore, is controlled by Massachusetts common law. In *Union Oyster House, Inc. v. Hi-Ho Oyster House, Inc.* 316 Mass. 543, 55 N.E.2d 942 (1944), the Supreme Judicial Court held that no one particular restaurant may claim the exclusive use of the term "oyster house." In summarizing Massachusetts law on the exclusivity of trade names, the court stated:

> One way of stating these principles is that no one can altogether appropriate to himself any part of the English language, and that when through accustomed use in association with a person or his product and by common understanding in the market, words forming part of the language have come to mean, if used alone, him or his product, a competitor may nevertheless use them, if he

1. Kazmaier claims that, because he won a competition entitled "World's Strongest Men" three times in a row, he has exclusive right to that title. In addition, Kazmaier claims other "world-wide strength competitions" and three "world powerlifting records" to his credit.

2. Kazmaier alleges that Ford is vicariously liable for NEFDA's airing of the commercial.

3. This case thus concerns entirely different legal issues than *Miss Universe, Inc. v. Partricelli*, 271

F.Supp. 104 (D.Conn.1967), *aff'd* 386 F.2d 997 (2d Cir.1967), in which the court held that the plaintiff had a protectible interest in the service marks "MISS U.S.A." and "MISS UNITED STATES OF AMERICA" which were registered with the U.S. Patent Office. *See also Ringling Bros.-Barnum & Bailey Combined Shows, Inc. v. Acme Circus Operating Co.*, 129 U.S.P.Q. 77 (N.Y.Sup.Ct.1961) (plaintiff entitled to protection of copyrighted title "The Greatest Show on Earth").

accompanies their use with something which will adequately show that the first person or his product is not meant.

316 Mass. at 544–45, 55 N.E.2d at 943.

 Applying *Union Oyster House* to the facts here, it is clear that even assuming Kazmaier is popularly acknowledged as the "World's Strongest Man," he may not prevent Wooten from using that title, so long as Wooten does not present himself as "William Kazmaier, World's Strongest Man." Wooten has not made such a representation. To the contrary, Wooten has commercially identified himself, and not Kazmaier, as the "World's Strongest Man."

As a matter of law, therefore, Kazmaier does not have an exclusive right to call himself the "World's Strongest Man." The defendants, therefore, are entitled to summary judgment on all counts.

An order will issue.