362            426 Mass. 362 (1998)

In the Matter of Electric Mutual Liability Insurance Company, Ltd. (No. 1).

## In the Matter of Electric Mutual Liability Insurance Company, Ltd. (No. 1).

Suffolk. October 9, 1997. - January 5, 1998.

Present: Abrams, Lynch, Greaney, & Ireland, JJ.

*Insurance,* Commissioner of Insurance, Redomestication of insurer. *Administrative Law,* Agency's interpretation of statute. *Statute,* Construction. *Words,* "State."

This court concluded that the word "state" appearing in G. L. c. 175, § 49A, refers to States of the United States, and the interpretation of "state" by the Commissioner of Insurance to include a foreign country was not in accord with legislative intent: as a consequence, a domestic insurer may not transfer its "domicile" to a foreign country under the provisions of § 49A. [364-366]

Where the Commissioner of Insurance was without authority under G. L. c. 175, § 49A, to approve the redomestication of an insurer to a foreign country, the commissioner's order purporting to do so was invalid and the insurer remained a Massachusetts insurer. [366-367]

The Commissioner of Insurance did not demonstrate that the requirements of G. L. c. 175, § 180C, were satisfied with respect to a petition under that statute for receivership of a Massachusetts insurer, and the commissioner's petition was ordered dismissed. [367]

Civil action commenced in the Supreme Judicial Court for the county of Suffolk on March 14, 1997.

The case was reported by *Greaney,* J.

*J. David Leslie,* Special Assistant Attorney General (*Eric A. Smith,* Special Assistant Attorney General, with him) for Commissioner of Insurance.

*Thomas S. Martin,* of New York, for Electric Mutual Liability Insurance Company, Ltd.

*Nick J. DiGiovanni,* of Illinois (*Alice E. Richmond* with him) for certain underwriters at Lloyd's, London.

*Scott P. Lewis* for Kemper Reinsurance Company.

*John A. Nadas & Michael H. Bunis,* for Electric Insurance Company, submitted a brief.

*Daniel R. Murdock, Dan K. Webb, & Lori Van Auken,* of

New York, & *Robert W. Mahoney, Mark G. Matuschak & Patrick S. Shin,* for General Electric Company, submitted a brief.

The following submitted briefs for amici curiae:

*Jason Adkins & Richard DuBois* for Center for Insurance Research.

*E. Michael Sloman* for Commercial Union Insurance Company.

ABRAMS, J. At issue is the interpretation of G. L. c. 175, § 49A, which authorizes a domestic insurer to "transfer its domicile to any other state." The Commissioner of Insurance (commissioner) authorized a domestic insurance company to transfer its domicil to Bermuda. Subsequently the commissioner filed a petition pursuant to G. L. c. 175, 180C (entitled "Liquidation of Domestic Company") in the county court seeking to be appointed the United States receiver (U.S. receiver) of that insurance company. The commissioner contends that a proper interpretation of the word "state" in § 49A refers to foreign countries as well as States of the United States. We do not agree. We conclude, contrary to the commissioner's interpretation, that the word "state" in § 49A refers only to States of the United States. Because the commissioner's petition relies on the validity of her ruling that the word "state" in G. L. c. 175, § 49A, includes foreign countries, we remand the case to the county court for the entry of a judgment dismissing the commissioner's receivership petition.

This case arises from Electric Mutual Liability Insurance Company's (EMLICO's) redomestication to Bermuda and subsequent declaration of insolvency. On June 28, 1995, the commissioner issued an order approving EMLICO's redomestication to Bermuda under G. L. c. 175, § 49A. Shortly thereafter, EMLICO redomesticated, declared itself insolvent, and commenced liquidation proceedings in Bermuda. In March, 1997, the commissioner filed a petition in the county court, asking to be appointed the United States receiver of EMLICO pursuant to G. L. c. 175, § 180C, and seeking the court's approval of a related agreement. EMLICO, Electric Insurance Company, and General Electric Company, all of whom are appellants here, support the commissioner's petition. Several of EMLICO's reinsurers, designated as amici here, oppose the petition, among other

reasons, on the ground that the redomestication was invalid because § 49A confers no authority on the commissioner to approve a redomestication to a foreign country. Without reaching the petition's merits, the single justice reserved and reported the three questions set forth below to the full court.[1]

Because our responses to the second and third questions aid us in disposing of the first, we address the questions out of order. As an initial matter, we are not persuaded by the appellants' contention that because all of them support the petition, and only the reinsurers oppose it, the single justice must automatically let the county court proceed to the merits. A judge has a duty to dismiss a petition which he or she concludes is erroneous as a matter of law.

We turn first to question 2. Question 2 asks "whether a domestic insurer like EMLICO can, under G. L. c. 175, § 49A, be allowed to redomesticate to a foreign country in view of the language in § 49A which permits redomestication only 'to any other state.' " Section 49A permits redomestication "to any other state," but does not define "state" either to mean only States of the United States or to include foreign countries. The commissioner has interpreted § 49A to authorize redomestication not only to States of the United States, but also to foreign countries. We review this interpretation de novo. *Protective Life Ins. Co.* v. *Sullivan*, 425 Mass. 615, 618 (1997), citing *Raytheon Co.* v. *Director of the Div. of Employment Sec.*, 364 Mass. 593, 595 (1974). Although we grant substantial deference to an agency's interpretation of a statute, "[a]n incorrect interpretation of a statute . . . is not entitled to deference." *Massachusetts Hosp. Ass'n, Inc.* v. *Department of Medical Sec.*, 412 Mass. 340, 346 (1992), quoting *Kszepka's Case*, 408 Mass. 843, 847 (1990).

To support her petition the commissioner cites a dictionary defining "state" as "a body of people permanently occupying a definite territory and politically organized under a sovereign government almost entirely free from external control and pos-

---

[1]"[1.] [W]hether the commissioner has demonstrated that the requirements of G. L. c. 175, § 180C are satisfied so that her petition can be considered on its merits[,] . . . [2.] whether a domestic insurer like EMLICO can, under G. L. c. 175, § 49A, be allowed to redomesticate to a foreign country in view of the language in § 49A which permits redomestication only 'to any other state', and [3.] if not, what the effect of an invalid redomestication has on the legal sufficiency of the commissioner's petition under G. L. c. 175, § 180C."

426 Mass. 362 (1998)                     365

In the Matter of Electric Mutual Liability Insurance Company, Ltd. (No. 1).

sessing coercive power to maintain order within the community." Webster's Third New Int'l Dictionary 2228 (1993). This meaning of "state" includes foreign countries. However, the same dictionary also defines "state" as "one of the bodies politic or component units in a federal system that is more or less independent and sovereign over internal affairs but forms with the other units a sovereign nation."[2] *Id.* This meaning excludes foreign countries. Both meanings are in current usage, and the Legislature could have intended either one. We therefore compare § 49A to other statutes and look to the history and purpose of § 49A to determine the Legislature's intent.

In other sections of c. 175, when the Legislature has intended to refer to foreign countries, it has done so in express terms. See, e.g., G. L. c. 175, § 11 ("other states or countries"), § 22 ("any state or country other than this commonwealth"), § 185 ("any provision of law of this commonwealth or of any other state or country"). We conclude that had the Legislature intended to facilitate redomestication to a foreign country, possibly subjecting policyholders and creditors to the vagaries of foreign law, it would have expressed this intent unambiguously, as other State Legislatures have. See R.I. Gen. Laws § 27-2.2-4 (1994) (authorizing redomestication "to any such other state or jurisdiction"); Vt. Stat. Ann. tit. 8, § 3438 (Supp. 1996) (same). See also Haw. Rev. Stat. § 431:19-102.4 (1993) (authorizing redomestication of "domestic captive insurance compan[ies] . . . to any other jurisdiction"); 1997 Me. Laws c. 435, § 6717 (same).

The commissioner argues that her interpretation of the statute furthers the legislative purpose of facilitating transfers of corporate domicil. She argues that the global nature of the insurance marketplace requires that transfers to foreign countries be permitted under § 49A. The history of the statute does not support her interpretation of the word "state." In context, "state" means a State of the United States.

Section 49A was based on a model statute of the National Association of Insurance Commissioners (NAIC), which the Legislature adopted with no relevant changes. The NAIC is an

---

[2]It is irrelevant that the definition cited by the commissioner is listed before the other one. The dictionary lists definitions in order of their historical development. See Webster's Third New Int'l Dictionary 17a (1993). The order of definitions thus does not indicate that the former is more ordinary, natural, or common than the latter.

366 426 Mass. 362 (1998)

In the Matter of Electric Mutual Liability Insurance Company, Ltd. (No. 1).

organization representing the insurance departments of the States and territories of the United States. Uniform Insurers Liquidation Act, 13 U.L.A. 323, 325 (Master ed. 1986). Nothing in the history of § 49A, or the model statute on which it is based, evinces any intent to facilitate international transfers. The Proceedings of the NAIC reveal a concern about "preserving the right and ability of the two states' insurance commissioners to fully protect the interests of the resident policyholders." 2 Proceedings of the NAIC 210 (1978), cited in 2 NAIC Model Laws, Regulations and Guidelines at 350-7. This history indicates that the NAIC was concerned about its members' ability to protect resident policyholders' interests, and that it contemplated transfers between States regulated by NAIC members. In the history called to our attention, there is no mention of foreign nations or of the international insurance market. We conclude that § 49A, like the model statute on which it is based, does not seek to facilitate redomestication to a foreign country. The commissioner's interpretation is contrary to the language and underlying purpose of § 49A. A domestic insurer like EMLICO therefore may not redomesticate to a foreign country under § 49A. The single justice's second reported question is answered, "No."

We turn to question 3. Question 3 asks what "effect an invalid redomestication has on the legal sufficiency of the commissioner's petition under G. L. c. 175, § 180C." An administrative agency has only the powers and duties expressly or impliedly conferred on it by statute. *Morey* v. *Martha's Vineyard Comm'n*, 409 Mass. 813, 818 (1991). Section 49A grants to the commissioner the authority to approve a domestic insurer's redomestication to another State. Because Bermuda is not a State within the meaning of § 49A, the commissioner possessed no authority to approve EMLICO's redomestication there. We conclude that the commissioner's order purporting to do so is invalid. See *Massachusetts Mut. Life Ins. Co.* v. *Massachusetts Life Ins. Co.*, 351 Mass. 283, 289 (1966).

The commissioner argues that, even if her approval was invalid, EMLICO still has incorporated in Bermuda and commenced liquidation proceedings there. Therefore, she argues, an invalid redomestication is immaterial to the legal sufficiency of her petition. We disagree. The commissioner has relied on her order authorizing EMLICO to transfer to Bermuda. Further, the petition assumes that the proper site for the liquidation of EM-

LICO is Bermuda rather than Massachusetts. This assumption rests on the premise that her redomestication order was valid. That order, however, was beyond the commissioner's power and authority. The commissioner's reliance on an invalid transfer to Bermuda therefore renders the petition legally insufficient.

Section 49A provides that a domestic insurer "upon such a transfer shall cease to be a domestic insurer." Because, as discussed above, a domestic insurer cannot be redomesticated to a foreign country under § 49A, there was no lawful transfer, and EMLICO never ceased to be a Massachusetts insurer.[3]

Question 1 asks "whether the commissioner has demonstrated that the requirements of G. L. c. 175, § 180C are satisfied so that her petition can be considered on its merits." In light of the foregoing, we conclude that the commissioner's petition is legally insufficient. We answer the single justice's first reported question, "No." We answer the second reported question, "No." To the third reported question, we answer that the invalid redomestication has the effect of rendering the commissioner's petition legally insufficient. The matter is remanded to the county court, where a judgment shall enter dismissing the commissioner's petition.

*So ordered.*

---

[3]The parties and amici have speculated a great deal about the consequences in Bermuda if we declare the redomestication invalid. EMLICO's status as a Bermuda corporation is, of course, a matter of Bermuda law and not before us in any event. We simply hold that EMLICO remains a Massachusetts insurer.