## COMMISSIONER OF INSURANCE *VS.* ELECTRIC MUTUAL LIABILITY INSURANCE COMPANY.

Suffolk. April 8, 1999. - June 24, 1999.

Present: WILKINS, C.J., ABRAMS, LYNCH, FRIED, & IRELAND, JJ.

*Insurance,* Commissioner of Insurance, Redomestication of insurer. *Receiver.*

A single justice was warranted in exercising his discretion to decline to appoint the Commissioner of Insurance as permanent receiver of an insolvent insurer, where the justice concluded that a Massachusetts receivership would be duplicative of and likely to conflict with liquidation proceedings ongoing in Bermuda. [796-797]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on January 7, 1998.

The case was heard by *Greaney,* J.

*J. David Leslie,* Special Assistant Attorney General (*Eric A. Smith* with him) for the plaintiff.

*Thomas S. Martin,* of New York (*Roland Schroeder,* of New York, & *Ian Crawford* with him) for the defendant.

*Lori Van Auken,* of New York, & *Robert W. Mahoney, Mark G. Matuschak & Daniel W. Halston,* for General Electric Company, amicus curiae, submitted a brief.

WILKINS, C.J. In *Matter of Elec. Mut. Liab. Ins. Co. (No. 1),* 426 Mass. 362 (1998), this court ruled invalid the Commissioner of Insurance's purported authorization of the transfer of the domicil of Electric Mutual Liability Insurance Company (EMLICO), a domestic insurance company, to Bermuda, effective July 1, 1995. By the time of our decision, EMLICO had redomesticated, declared itself insolvent, and commenced liquidation proceedings in Bermuda. Acting on the court's statement that there had been no lawful transfer of domicil and that EMLICO never ceased to be a Massachusetts insurer (*id.* at 367), the commissioner promptly petitioned the Supreme Judicial Court for the county of Suffolk, pursuant to G. L. c. 175, § 180B, for her appointment as permanent receiver of EM-

LICO. Proceedings on removal of the case to the United States District Court for the District of Massachusetts need not detain us because a judge of that court remanded the matter of a receivership to the county court "to consider whether and, if so, under what circumstances and with what authority a receiver should be appointed" for EMLICO.

A single justice of this court dismissed the commissioner's amended petition, and the commissioner has appealed. The single justice decided that all EMLICO's assets that would have been subject to a Massachusetts receivership were in the control of the joint liquidators of EMLICO and were being administered according to Bermuda law. He stated that no Massachusetts party or interest would be harmed by the Bermuda liquidation; all reinsurers of EMLICO had settled (or would soon settle) their disputes with it; no insured would have a claim against the Massachusetts guaranty fund; and no Massachusetts policyholder or creditor would benefit from a Massachusetts receivership.[1] He concluded that "[a] Massachusetts receivership would for all practical purposes, be duplicative of, and likely to conflict with, the Bermuda liquidation proceedings."

We affirm the order of the single justice dismissing the amended petition. The single justice had discretion to decline to appoint the commissioner as the permanent receiver of EMLICO. G. L. c. 175, § 180B. He did not abuse that discretion. He was warranted in considering the progress of the Bermuda liquidation proceedings which exist as a consequence of the commissioner's purported approval of EMLICO's redomestication to Bermuda. The fact that the commissioner's approval of the redomestication was not authorized by the law of the Commonwealth did not require the single justice to ignore the reality of the proceedings in Bermuda. The commissioner cannot identify a single person in interest that might be adversely affected by the denial of the amended petition. Cf. *Commissioner of Ins.* v. *Commonwealth Mut. Liab. Ins. Co.*, 297 Mass. 219, 221 (1937) ("Great judicial care ought always to be exercised to the end that there be no receiverships save in instances where necessity is disclosed in order to protect rights and prevent wrongs"). The commissioner can point only to the sovereign interest of the Commonwealth in the regulation of domestic insurers, a matter that she did not consider so important as to

---

[1]General Electric Company is EMLICO's sole insured.

prompt her to deny EMLICO's 1995 request to transfer its domicil to Bermuda.

The single justice acknowledged that an ancillary receivership of EMLICO might be needed for any assets in Massachusetts that in fact were not in the control of the Bermuda liquidators. If the Bermuda proceedings were to be held to be unlawful under Bermuda law, the situation would, of course, change. Approval of a Massachusetts permanent receivership with its associated expenses would be duplicative of the Bermuda proceedings and likely could result in conflicts with the Bermuda liquidators. The single justice was warranted in his discretion in concluding that the case for appointing a Massachusetts permanent receiver was not made.

*Judgment affirmed.*